GASTON H. WILDER *v.* A. G. LEE.

That the party failed to establish a defence in the previous action, through the unexpected absence of the nominal plaintiff, in the case, whom he had not summoned as a witness, is no ground for an injunction against the judgment in such action.

ACTION, for an injunction, before *Watts J.*, at Fall Term 1869, of WAKE Court, upon a motion to vacate the order previously obtained.

The complaint, filed July 3rd 1869, alleged that the defendant resided in the county of Johnston, and the plaintiff in Wake; and that they had no other domicils; that the defendant, in order to procure an early judgment upon a bond held by him against the plaintiff, (dated October 2nd 1862,) assigned the same by endorsement to one Mebane, of Alamance county, in order to defraud the counties of Wake and Johnston of their proper jurisdiction, and to give Alamance county jurisdiction; that this assignment was made without consideration, and under color and pretence merely to give jurisdiction as above; that suit was accordingly brought in Alamance court, in the name of Mebane, and the present plaintiff, pleaded in abatement to the jurisdiction, and issue was joined thereupon; that by the absence of Mebane, plaintiff upon the trial was unable to show the fraud as above, and the verdict was against him; also that the bond was subject to *scale*, under the act of Assembly; that by surprise, accident and inadvertence arising from the absence of him who was plaintiff in such action, whom the present plaintiff expected to use as a witness, &c., the verdict and judgment was given as above, for $2006 40, &c.

The plaintiff prayed for an injunction against so much thereof as exceeded $1003 20, the amount due by *the scale*, &c.

The answer admitted the endorsement, and the proceedings in Alamance Court; denied the alleged fraud, or that the bond was liable to scale (having been given for property worth the amount in par funds under a contract entered before the currency had depreciated;) also that the defendant knew nothing of Mebane's absence, or the reason for it, but understands it was for want of having been summoned.

At Fall Term of Wake Court, the defendant moved to vacate the injunction theretofore obtained. This was overruled by His Honor, and the defendant appealed.

*Phillips & Battle*, for the appellant, cited *McLean* v. *Mc-*

*Dugald,* 8 Jon. 383; *Stockton* v. *Briggs,* 5 Jon. Eq. 309; *Houston* v. *Smith,* 6 Ire. Eq. 264; *Powell* v. *Watson,* Ib. 94; *Wilson* v. *Leigh,* 6. Ire. Eq. 94.

*Graham and Lewis, contra.*

READE, J.   All the questions in this case are *res adjudicatæ* between the same parties, as appears from the complaint itself.   There would be no end to litigation, if when the plaintiff recovers of the defendant without fraud, surprise or accident, the defendant could turn round and sue the plaintiff, with the view to make the same issues, and try them again.   There is nothing set forth in the complaint that amounts to fraud, surprise or accident; and if the defendant has suffered, it was on account of his own laches.   The plea to the jurisdiction was put in by him, and found against him, and his failure to claim the scale of depreciation, if he was entitled to it, was his own negligence.   The alleged absence of testimony, when he had not summoned the witness, can not avail him.

The supposed equity in the complaint, is fully denied by the answer.

The injunction ought to have been vacated.   The continuing it was error.   This will be certified, &c.

PER CURIAM.                    Order accordingly.