JONATHAN WALKER v. WILLIAM E. GURLEY.

*Mortgage Sale—Injunction—Excusable Neglect.*

1. Where the complaint in an action for an injunction alleges that the defendant has sold a tract of plaintiff's land under a power of sale in a mortgage to secure a usurious debt, becoming purchaser at such sale for an inconsiderable portion of the debt, and has obtained judgment for the balance of such claim and sold all the plaintiff's other land to satisfy the execution thereon, and asks that such sale and judgment be set aside and that the execution of the writs of possession in the hands of the sheriff be stayed until the equities between the parties can be adjusted; the defendant is entitled upon the coming in of an answer fully denying the charges of the complaint, to have a temporary injunction, founded upon such allegations, dissolved.

2. A party to an action is not entitled to an injunction against execution on a judgment which might have been set aside by motion in due time under section 133 of the code.

(*Wilder* v. *Lee*, 64 N. C., 50; *Heilig* v. *Stokes*, 63 N. C., 612; *Capehart* v. *Mhoon*, Busb. Eq. 30, cited and approved.)

MOTION by defendant to vacate an injunction heard at Chambers on the 28th of January, 1880, (in an action pending in McDOWELL Superior Court) before *Avery, J.*

The plaintiff appealed from the ruling of the judge below.

No counsel in this court for plaintiff.
*Messrs. W. H. Malone* and *P. J. Sinclair*, for defendant.

DILLARD, J.   In order to a proper understanding of the error assigned in the judgment of the court below vacating the injunction, from which the appeal is taken, it is necessary to state the material facts and the scope and object of the suit.

Plaintiff alleges that in 1866 he executed his note to defendant for one hundred and sixty seven dollars and sixty cents, including a sum for heavy usurious interest, and at the same time conveyed by the mortgage deed for its security a tract of land on Cane creek with a power of sale on twenty days advertisement after the first day of May, 1867, and that defendant, after the day of default, without proper notice, sold and purchased the land himself, which was worth the whole debt, at the sum of fifty dollars.

That immediately after the sale, defendant warranted and recovered judgment for the balance of the note, and docketed a transcript of the judgment in the superior court, and under an execution issued thereon caused to be sold and purchased himself, the only other tract of land which the plaintiff owned, called the Marshall place.   That thereupon defendant instituted two actions to recover possession of said tracts of land, and at fall term, 1878, recovered judgment by default, and now has in the hands of the sheriff executions for the delivery of possession and for costs, under which he is about to be turned out.   And as an excuse of his failure to defend said actions, plaintiff alleges that he employed counsel to represent him and expected him to put in his defence, but he failed to mark his name or put in any defence whatever.

The prayer for relief is that as the sale by defendant to himself under the mortgage did not alter the relations of the parties, and the land mortgaged is more than sufficient to pay the debt, the sale of that tract and also of the one sold by the sheriff may be set aside; that the judgment in the justice's court and the transcript thereof on the docket of the superior court, and the judgments of the superior court in the actions brought to recover possession, may also be set aside, and that after ascertaining the true debt to defendant, the tract of land conveyed in the mortgage may be resold by decree of the court, with prayer for injunction to stay the execution of the writs of possession in the hands of the sheriff until the ultimate trial of the action. Upon the application of the plaintiff on the foregoing facts, His Honor granted the injunction, subject to the motion of defendant to vacate it at any time on motion. At the next term of the court the defendant answered as to the material allegations of the plaintiff in substance as follows:

He denied the existence of any usury in the note secured by the mortgage. He denied that he sold the land as mortgagee to himself without proper notice, but on the contrary alleged that the deed was not a mortgage but a deed in trust, whereby the land was conveyed to William C. Gurley for the security of defendant's debt, and in proof thereof exhibited with his answer the original deed, and he alleged that the sale was made by the trustee and not by himself, not on the short notice prescribed in the deed, but a ninety days notice.

Defendant denied that plaintiff's counsel failed to attend to his interest in the matter of the two actions to recover the land, but on the contrary averred that his counsel with consent of defendant's counsel had and kept in his hands from one court to another the complaints in the two suits, and afterwards declined to file answers for the plaintiff.

On the filing of answer, defendant moved to vacate the

injunction and on consideration of the case as made by the complaint and answer, the court ordered the injunction to be vacated as to the writs of possession in the hands of the sheriff, but continued it as to the costs, it appearing to the court that the defendant prosecuted his suits to recover the land *in forma pauperis*, and from this judgment the appeal is taken.

It is to be observed that the judgment in the justice's court, after the sale of the land under the mortgage, established the balance due of the note as a debt against the plaintiff, and the same together with a transcript docketed still existing and not reversed or vacated on appeal or motion in the cause, is to be taken as concluding the plaintiff in this action from any defence for usury or other thing anterior to the date of the judgment, and therefore on the motion to vacate the injunction, it is to be taken that the execution, under which one of the tracts of land was sold, was for a true debt of the plaintiff. And as to the other tract alleged to have been sold by defendant as mortgagee and purchased by himself at his own sale, the fact turns out to be by the original deed exhibited by defendant's answer and not denied, that the same was conveyed, not to the defendant as mortgagee, but to William C. Gurley, and was sold by him, and the defendant as purchaser having recovered judgment for each of said tracts of land in a court of competent jurisdiction, the said judgments do establish the right of property or at least the right of possession of the defendant therein, and they standing unreversed by appeal or motion in the cause are also to be taken as conclusively establishing at least a present right of possession against the plaintiff.

It is necessary to hold the plaintiff as bound by all the matters adjudged in the said action before the justice of the peace, and the two brought in the superior court to recover possession of the land, and also to be barred of all defences which but for his laches or the fraud of the defendant he

might have made therein in order that there may be an end of litigation. *Wilder* v. *Lee,* 64 N. C., 50.

Here, there is no pretence of any fraud practiced by defendant on the plaintiff whereby he was prevented from making his defence. The failure to put in his plea of usury before the magistrate, or to set up any equitable defence he might have against the sale under the mortgage or the recovery of the land in the suits for that purpose, was the fault of the plaintiff, and in the case of the alleged surprise in the fact of his attorney making no defence, the remedy to plaintiff, if any he had, was under C. C. P., section 133, by a motion in the cause, and the omission to resort to that mode of relief debars him from making use of the same matter in an independent action. *Wilder* v. *Lee, supra.* The defendant then was entitled to be viewed in the light of having a right of possession adjudged and established at law, and as such, on the filing of his answer fully, completely, and directly denying the facts on which any equity in plaintiff's favor arose, it was his right to have the injunction dissolved as in the case of common injunctions. *Heilig* v. *Stokes,* 63 N. C., 612; *Capehart* v. *Mhoon,* Busb. Eq., 30.

The supposed equity of the plaintiff in the alleged fact of a sale by defendant as mortgagee to himself and without proper notice, is fully denied by the answer, and defendant sustains his denial by the production of the original deed under which one of the tracts was sold, which was a deed in trust to William C. Gurley to secure defendant, and not a mortgage. All the facts being denied on which any equity in the plaintiff could rest, the injunction was properly dissolved as to the writs of possession in the complaint mentioned.

There is no error, and this will be certified to the court below.

No error.                                        Affirmed.