STATE on the relation of O. SPRINKLE and wife NANCY *v.* JOHN W. MARTIN.

An instrument intended as a guardian bond, in which the names of the wards are recited in the wrong place, and in another part of said bond the names are inserted, A, B and others, wards, by a just and liberal construction is sufficient as a guardian bond under the statute.

CIVIL ACTION, tried before *Mitchell, J.*, at Spring Term, 1873, of WILKES Superior Court.

Plaintiff declared on the following bond, claiming the same as a guardian bond:

"STATE OF NORTH CAROLINA,
"WILKES COUNTY.

"Know all men by these presents, that Benjamin P. Martin, John Martin and N. G. Martin, all of Wilkes county, in the State aforesaid, are held and firmly bound unto the State of North Carolina in the sum of twenty thousand dollars, current money, to be paid to the said State in trust for the benefit of the child—hereafter named, committed to the tuition of the said S. J. Martin, J. O. Martin, N. E. Martin, E. S. Martin and Felix Martin, to which payment well and truly to be made, we bind ourselves and each of us, each and every one of our heirs, executors and administrators, jointly and severally firmly by these presents. Sealed with our seals, and dated the day of 4th November, in the year of our Lord, 1857.

"The condition of the above obligation is such, that whereas, the above bounden Benjamen P. Martin is constituted and appointed guardian to S. J. Martin, J. O. Martin and others, a minor orphan; now if the said Benjamin P. Martin shall faithfully execute his said guardianship, by securing and improving all the estate of the said S. J. Martin and others, that shall come into his possession for the benefit of the said S. J. Martin and others, until he shall arrive at full age, or be sooner thereto required, and then

render a true and plain account of his said guardianship on oath before the Justices of our said Court, and deliver up, pay to, or possess the said S. J. Martin and others of all such estate or estates as he ought to be possessed of, or to such other persons as shall be lawfully empowered or authorized to receive the same, and the profits arising therefrom, then the obligation to be void, otherwise to remain in full force and virtue.

"BENJAMIN P. MARTIN, (SEAL.)
"NATHAN G. MARTIN, (SEAL.)
"J. W. MARTIN, (SEAL.)
"Test: W. MARTIN.
"A true copy. Test: GEORGE H. BROWN, Clerk."

Plaintiffs showed from the records of the late Court of Pleas and Quarter Sessions of Wilkes county, that "B. P. Martin was appointed guardian of S. J. Martin, J. O. Martin, N. E. Martin, E. S. Martin and Felix Martin, and give bond in the sum of $20,000, with N. Y. Martin and J. W. Martin, securities," and that the bond, of which the foregoing is a copy, was found among the proper files in the office of the present clerk.

Defendant introduced no evidence, and insisted that the plaintiff could not recover in this action, for defects apparent upon the face of the bond, and asked the Court so to instruct the jury.

His Honor gave the instructions prayed, and the jury returned a verdict in favor of defendants. Motion for a new trial; motion refused. Judgment against plaintiffs for costs and appeal.

*Furches*, for appellant:

1. There is no doubt as to the fact that B. P. Martin was appointed guardian of the *feme* plaintiff, upon his giving the bond required by the Court.

2. It is equally certain that the said B. P. Martin, with Green Martin and the defendant, his sureties, undertook to comply with the order of the Court and the requirements of the law by executing and filing the bond upon which suit is brought.

3. The bond is certain to a certain intent. The name of the *feme* plaintiff appears in the bond, and although it does not appear in the conditions, yet it is certainly referred to by the word " others," and therefore is sufficient. *Id certum est quod certum reddi potest.*

4. In construing a deed, such a construction must be put upon its effect, rather than to destroy. *Ut res magis valeat quam pereat.* See *Iredell* v. *Barbee*, 9 Ired. 273.

5. Bond was sufficiently executed for an official bond, by delivering it to Mastin, Clerk. *Vankook* v. *Barnett*, 4 D. S. L. 270. *Fitts* v. *Green*, 3 Dev. 296–9, where it is said that deputy clerk is the agent of the clerk to receive an official bond, &c., and of course if the deputy is the agent of the clerk, the clerk must be the principal.

6. But if a guardian bond has been improperly prepared on account of the ignorance or inadvertence of the clerk, equity will perfect the same against the surety as well as against the principal. *Armstead* v. *Boseman*, 1 Ired. Eq. 117.

7. Under the present organization of the Courts they have jurisdiction of questions of equity, as well as of law, in cases brought since the adoption of the C. C. P. And the complaint in this case is framed with a view to both reliefs.

*Armfield* and *Folk*, for defendant.

READE, J.  Benjamin P. Martin was appointed guardian of the *feme* plaintiff and four of her brothers and sisters, and entered into a bond payable to the State in the sum of $20,000, "in trust for the benefit of the child hereinafter

12

named, committed to the tuition of the said S. J. Martin, J. O. Martin, N. E. Martin, E. S. Martin and Felix Martin." These were the names of the wards, which it seems were inserted in the blank, instead of the name of the guardian, by mistake as we suppose. So that the bond recites that the wards were committed to their own tuition, instead of to the tuition of the guardian.

The condition of the bond recites that "whereas the above bounden Benjamin P. Martin is constituted and appointed guardian to S. J. Martin, J. O. Martin and others a minor orphan. Now if the said Benjamin P. Martin shall faithfully execute his said guardianship by securing and improving all the estate of the said S. J. Martin and others that shall come to his hands for the benefit of the said S. J. Martin and others until he shall arrive at full age, and then render a true and plain account of his said guardianship, &c., and shall deliver up, pay to, or possess the said S. J. Martin and others of all such estate," &c.

It is evident that the instrument was intended as a guardian bond, and we suppose it was a printed form with the blanks filled up by a careless or ignorant clerk. But informal as it is, we think that by a just and liberal construction it is sufficient as a guardian bond under the statute, and that the defendant is liable upon it. The names of the wards are all inserted in the bond, although their names are put in the blank in which should have been put the name of the guardian; and their names are not all mentioned again in the instrument, but it is stated in the condition that "Benjamin P. Martin is constituted guardian of S. J. Martin, J. O. Martin and others." These two names are the first two names of the wards inserted in the bond; and "others" must refer to the other wards named in the bond. So that it appears that Benjamin P. Martin was the guardian of all the named wards, and that this bond was given as his guardian bond.

If the instrument were not sufficient as a guardian bond under the statute, then it is insisted that it would be good as a common law bond.   And so we think.   But it is not necessary to consider it in that light, as we think it sufficient as a guardian bond under the statute.

It is also insisted that if it were insufficient in form, enough appears to see what was intended, and that the Court will reform it, so as to make it what it was intended to be.   That is also true; but for the reason already stated it need not be further considered.

There is error.

PER CURIAM.                              *Venire de novo.*