STATE on relation of R. H. BATTLE and WALTER CLARK, Executors of ELEANOR SWAIN v. E. BAIRD, Administrator of E. W. HERNDON, et al.

*Action on Official Bond—Evidence—Presumption as to Validity of Official Bonds—Proof—Construction— Alias Summons—Acceptance of Service—Service of Summons by Coroner When Sheriff Is Party—Judgment by Default.*

1. The clerk of the superior court being required to give a bond for the discharge of the duties of his office, &c., (Sec. 72 of *The Code*,) it will be presumed in the trial of an action on such bond that he did so, and any such bond found in the keeping of the proper custodian will be presumed to have been properly given and accepted as such.

2. Such bond may be proved as at common-law, without being subjected to the strict rules of evidence, and, if there is a subscribing witness, it may be proved by other witnesses as if there was no subscribing witness.

3. Inasmuch as the duly certified copy of the record of any instrument required to be registered is admissible as full and sufficient evidence of such instrument, (*The Code*, Section 1251,) and as the register of deeds is required to register and keep the bond of the superior court clerk, a duly certified copy of the record of such bond is competent evidence of its provisions.

4. Where an official bond, given by the clerk of the superior court elected for a term of four years, beginning in 1884, recites that the term was for four years "from and after the first day of August, 1878," the error being clearly clerical and inadvertent, does not invalidate the bond but will be treated as surplusage.

5. Where a summons, intended but not ordered to be issued as an *alias* summons, was issued returnable to a future term, at which an amended complaint was filed, naming a party as defendant; *Held*, to be sufficient against such party, though no connecting summonses were issued.

6. Where a party accepts service of a summons, he is precluded from afterwards objecting to the summons on the ground that it was not directed to the proper officer.

7. In an action wherein the sheriff is a party defendant, it is proper that a summons issued against a co-defendant should be addressed to and served by the coroner. (*The Code*, Section 658.)

8. In an action on an official bond, on failure of a defendant to answer, a judgment entered against him on default cannot be *final*, since the action is not for the breach of an express or implied contract to pay a definite sum of money fixed by the terms of the bond, or ascertainable therefrom, (Section 385 of *The Code*,) but must be "by default and inquiry" (Section 386 of *The Code*).

CIVIL ACTION, begun by summons issued on the 27th day of February, 1888, returnable to the March Term of the Superior Court of BUNCOMBE County, in favor of the plaintiffs against the defendants, S. Baird, administrator of E. W. Herndon, deceased, H. M. Herndon, Robert P. Vance, J. R. Jones, F. Sluder, R. L. Luther, J. R. Rich, W. J. Worley and F. A. Lance, tried before his Honor, *W. S. O'B. Robinson, Judge*, and a jury, at the August Term, 1895, of said court.

The summons issued in the case was returned by the sheriff of Buncombe county, on February 28, 1888, duly served upon all of the defendants except R. B. Vance and

R. L. Luther, who were not served with the summons. At the March term, 1888, of said court, an entry appears on the summons docket as follows :

" *Alias* summons to issue for Robert B. Vance and R. L. Luther."

No *alias* summons was issued for the defendants, R. B. Vance and R. L. Luther, prior to the June term, 1888, of said court, nor was there any order for any *alias* summons as to them made at the June term, 1888, of said court. The June term, 1888, commenced on the 18th day of June, 1888, and continued for two weeks. The next commenced August 13, 1888, and continued three weeks. On the 2d day of August, 1888, there was issued by the clerk of the superior court a summons for R. L. Luther, returnable to August term, 1888, of said court. It was addressed to the " Coroner of Buncombe county." Upon the back was endorsed " Summons for relief returnable to August term, 1888, of the superior court of Buncombe county," and " I hereby accept service of this *alias* summons, this August 3, 1888. (Signed) R. L. Luther." No prosecution bond was endorsed on this paper, but one was filed with the summons issued to February term, 1888. The case was continued at August term, with leave for plaintiff to file amended complaint within thirty days. Such amended complaint was filed on 29th September. The defendants, J. R. Jones, F. Sluder, J. R. Rich and F. A. Lance filed in the office of the clerk of the superior court their answer to the original complaint, and they also thereafter filed their answer to the amended complaint.

At the June term, 1888, M. H. Herndon filed her answer to the complaint. There were no other complaints or answers or amendments thereto filed.

At December term, 1888, a judgment by default and inquiry as against E. Baird, administrator of E. W.

Herndon, deceased, was rendered by the court.   No judgment by default and inquiry was ever entered as to R. B. Vance and R. L. Luther, and no *alias* summons was ever issued for R. B. Vance.   The case was stated on the Civil Issue Docket from term to term thereafter, and continued without further orders or action of the court until August term, 1895, when the case, on being regularly reached on calendar, the plaintiffs announced themselves ready for trial, and the defendants who had answered also announced themselves ready for trial.   The jury was chosen and impaneled to try the issue between the plaintiffs and the defendants who had answered in the case, who were represented by F. A. Sondley, P. A. Cummings and Moore & Moore, attorneys.   No attorney represented R. B. Vance or R. L. Luther.   No issue was tendered by the plaintiffs, nor was any issue settled by the court before the jury was impaneled, but it was agreed that the court should settle the issues as between the plaintiffs and the defendants who had answered as the case progressed.

Relators offered as evidence that part of the book in the office of the register of deeds of said Buncombe county, in which are transcribed official bonds of clerks of the superior court of said county, and of certain other officers thereof, containing the record of the official bond of E. W. Herndon as clerk of the superior court of said county, purporting to be signed by him and other defendants, with the *jurat* of J. R. Patterson, register of deeds.

To this the defendants, J. R. Jones, F. Sluder, J. R. Rich, W. J. Worley and F. A. Lance, objected.   Objection sustained.   Relators excepted.

Relators then proved by a witness the signatures of the defendants, J. R. Jones, F. Sluder, J. R. Rich, W. J. Worley and F. A. Lance, to an instrument, of which the foregoing entry was a copy, claiming it to be the

original thereof, and then offered said instrument in evidence. To this instrument, when so offered, every one of said defendants, J. R. Jones, F. Sluder, J. R. Rich, W. J. Worley and F. A. Lance, objected. Objection sustained. Relators excepted.

Relators then submitted to a voluntary judgment of nonsuit as to the said J. R. Rich, J. R. Jones, F. Sluder, W. J. Worley and F. A. Lance, the defendants who had answered, and a judgment of non-suit as to them was signed and entered by the court and plaintiffs appealed.

After said non-suit had been taken by the plaintiffs upon the ruling of the court, the plaintiffs insisted that there should be submitted to the jury. an issue as to what amount, if any, plaintiffs are entitled to recover from defendants, R. B. Vance, R. L. Luther and E. Baird, administrator of E. W. Herndon, deceased, and the court permitted such issue to be submitted to the jury by the plaintiffs, who offered evidence to the jury upon the same. The jury answered this issue, $316.89, with interest from October 11, 1885. The defendants, R. B. Vance and R. L. Luther, were not present in court nor were they represented by counsel. No entry of appearance had ever been made for them, nor had they personally appeared in the cause, nor had they waived such appearance, nor had they authorized any one to appear for them or to waive such appearance.

Before judgment was entered upon the verdict the plaintiffs voluntarily abandoned the right to recover, if any they had, as against the defendant, R. B. Vance; and the defendant, R. L. Luther, by his attorneys, H. B. Stevens and Moore & Moore, especially appeared for the purpose and objected to any judgment being rendered or entered as against him for that:

" 1. No summons herein has ever been served on him;

nor has he voluntarily appeared herein ; nor has he ever waived service of the summons herein on him.

"2. The verdict rendered herein is irregular and not according to the course and practice of the court.

"3. This action, as to him, was discontinued and should be so adjudged by the court, by reason of failure on part of the plaintiffs to issue successive connecting summonses and processes herein against him.

"4. The pretended *alias* summons found in the record is irregular and void, and even if regular and not void, was the commencement of a new action, in which no complaint has ever been filed by the plaintiffs, no judgment by default and inquiry ever rendered, and no jury ever impaneled to try any issue between the plaintiffs and defendant, Luther.

"5. For reasons stated in the affidavit of the defendant, Luther, his negligence, if negligence at all, was excusable in law."

The said R. L. Luther also filed and offered to the court his affidavit to the effect, mainly, that he had not employed counsel to represent him and set up a defense for the reason that he supposed the other defendants had employed counsel for him as he had authorized them to do, and insisted that his neglect, if the court should find he was guilty of negligence, was excusable in law, and that no judgment should be entered against him.

The court signed the judgment presented, and held that the facts disclosed in the defendant's affidavit, if true, did not show excusable negligence.

The defendant, R. L. Luther, excepted to the judgment.

*Messrs. Davidson & Jones, Battle & Mordecai* and *J. B. Batchelor*, for plaintiffs (appellants).

*Messrs. Moore & Moore*, for defendants.

BATTLE *v*. BAIRD.

FURCHES, J.:  This is an action on the official bond of
E. W. Herndon, clerk of the superior court of Buncombe
county.  At the trial plaintiffs offered in evidence the reg-
ister's books of Buncombe county, containing what pur-
ported to be the official bond of said Herndon as clerk,
signed by himself and the other defendants, as his sureties.
This was objected to and ruled out by the court, and
plaintiffs excepted.  Plaintiffs then produced the original,
and proved the signatures of each of the defendants, and
then offered this in evidence.  But this was also objected
to by defendants and excluded by the court, and plaintiffs
again excepted, submitted to a non-suit and appealed.

This constitutes the case on plaintiffs' appeal.  There
are no reasons assigned in the record of this appeal for
the objections to the introduction of this evidence, nor
why it was ruled out; and after a thorough examination
we find no authority for the ruling of the court.

A clerk of the superior court holds a high and responsi-
ble public office, and one that he cannot hold without
entering in to bond as required by law. *Code*, Sec. 72.  This
being so, it will be presumed that he did so, and any such
bond found in the keeping of the proper custodian will be
presumed to have been properly given and accepted as
such. *Kello* v. *Maget*, 18 N. C., 414.  And if necessary
it may be proved as at common-law, without even being
subject to the strict rules of evidence.  Where there is a
subscribing witness, it may be proved by other witnesses,
as if there was no subscribing witness. *Short* v. *Currie*, 8
Jones, 42.  This is allowed upon the grounds of public
policy.  But it is not necessary that we should pursue
this line of proof further, as it was clearly admissible as a
registered bond.  The register of deeds was authorized to
take the acknowledgment of this bond and to register the
same. *Code*, Sec. 73.  It being of such public importance

BATTLE v. BAIRD.

that official bonds should be preserved, the Legislature provided for and required that they should be registered, as an additional means of preserving this evidence, in which the public was interested. And as this was the clerk's bond, he could not pass on the same and admit it to probate, being a party interested. *White* v. *Connelly*, 105 N. C., 65 ; *Turner* v. *Connelly*, *Ibid.*, 74. So, the Legislature authorized the register of deeds, and *ex-officio* clerk of the board of commissioners, whose duty it was to pass upon and accept the clerk's bond, to take the acknowledgment and probate, and register the same. *Code*, Sec. 73, *supra*.

The bond being authorized to be registered, the " registry " or register's books containing this registered bond, was competent evidence and should have been admitted. *Code*, Sec. 1251.

Having considered the plaintiffs' appeal, we come to the consideration of defendant Luther's appeal. He contends that he was not in court, and therefore no judgment could be taken against him ; that the summons against him purports to be an *alias* summons, when in fact it was not, and there had been no *alias* ordered at the June term of the court ; that this broke the connection with the original order of *alias* summons. This is true—that it broke the connection —and it could not relate back beyond its date. *Etheridge* v. *Woodley*, 83 N. C., 11. But still it was a summons returnable to August term, upon which he acknowledged service more than ten days before that term. It has been several times held by this Court that the only purpose of the summons is to bring the party into court—to notify him that there will be a complaint filed against him at the return term. The summons under *The Code* in no way indicates the cause of action. That is to be learned from the complaint. In this it differs from the writ under the old practice,

which did to some extent indicate the plaintiff's cause of action. The defendant Luther, according to all the authorities that we know of, must be held to have been brought into court at August term, 1888, and at this term an amended complaint was filed in the action, by leave of court, in which he is named as one of the defendants.

Another objection of this defendant to his being in court is, that this summons was issued to the coroner and not to the sheriff of Buncombe county. There is more than one reason why this objection cannot be sustained. The first is that it is a summons—a notice to this defendant—to be at court at August term; that the plaintiff will file a complaint against him at that time. And he accepts this notice. The coroner has nothing to do with it. By his own act he puts himself in court. But another reason is that the law requires the coroner to act when the sheriff is a party. *Code*, Sec. 658. The coroner having the right to act, it will be presumed that he acted properly, until the contrary is shown, if he had served the summons. But in this case it appears from the affidavit of defendant Luther that one of the defendants (W. J. Worley) was sheriff of Buncombe county, and the first summons, as well as this, was issued to the coroner. It must therefore be held that defendant Luther was in court from and after August term, 1895.

But he filed no answer for the reason, as he says, that he had a conversation with his co-defendants, and agreed to bear his part of counsel fees to defend the action; that they agreed to attend to the employment of attorneys, and he thought they had done so, and for that reason he gave the matter no further attention. This would seem to be somewhat inconsistent with his other defense, that he was not even in court. But to give him the full benefit of the statements contained in his own affidavit, as the court did

not find the facts, as we think it should have done if defendant requested it, instead of making the affidavits a part of the case on appeal, still, it cannot benefit the defendant. *Bank* v. *Foote*, 77 N. C., 131. And while we cannot allow the defendant to have the judgment set aside upon the ground of inexcusable neglect, we feel bound to set it aside upon the ground of its being irregularly taken, contrary to the statute and the practice of the court. It is not such a final judgment as is provided for in Section 385 of *The Code*, but could only be a judgment by default and inquiry under Section 386, which cannot be executed until the next term.

It therefore follows from what has been said that the judgment of non-suit must be set aside and a new trial had, and that the judgment against the defendant Luther must be set aside and the case proceeded with according to law against all the defendants in court.

It was suggested on the argument here that the bond declared on did not cover the demand in plaintiffs' complaint, for the reason that it said from and after "the 1st day of August, 1878." This question was not and could not have been before the court below for judicial determination, as the court held that the bond was incompetent evidence, and did not allow it to come before the court, and therefore could not judicially construe a bond which was not before the court for construction. Nor does it appear from the record that the court did so. Nor can we say that the record presents this question for our determination. But, as it was called to our attention and argued, and as the same question may be presented on a new trial, we think it proper for us to intimate our opinion now.

Therefore, if it shall appear on the new trial that Herndon was elected clerk in 1884, gave this bond, and was

inducted into office, and served as clerk, he and his sure-
ties would be liable.    This would show that this expres-
sion, after "the 1st day of August, 1878," was an inad-
vertence, or that it was an attempted fraud on the public,
neither of which will be allowed to defeat public justice.
We suppose it was an inadvertence, caused from copying
from a bond of a former date.    If Herndon is shown to
have been elected and inducted into office in 1884, this
explains the bond, and this inadvertence may be treated
as stricken out, or as surplusage, and the bond be good.
*Sprinkle* v. *Martin*, 69 N. C., 175 ; *Kello* v. *Maget, supra.*
There is error.    This will be certified that the action may
be proceeded with as pointed out in this opinion.

                                                       Error.

    CLARK, J., did not sit on the hearing of these appeals.