Error.

W. C. COWLES, Guardian, v. C. J. COWLES.

*Motion to set aside Judgment on Ground of Excusable Neglect—Laches—Irregular and Erroneous Judgments—Judgment by Default Final—Money paid for use and Benefit of Defendant—Implied promise to Repay.*

1. Where a judgment by default final was rendered against a defendant who had employed an attorney but had neither attended Court nor given any excuse for his absence and had given his attorney no information upon which to interpose a defence; *Held*, that his conduct was inexcusable negligence which did not entitle him to have the judgment set aside under Section 274 of *The Code.*

2. The refusal of a motion to set aside a judgment on the ground of surprise or excusable neglect is a matter of discretion with the Judge below and cannot be reviewed on appeal unless it should appear that such discretion was abused.

3 Where, in an action to recover money expended by plaintiff mortgagee for the benefit of defendant mortgagor, the verified complaint

alleged a certain sum to be due from defendant to plaintiff on the implied promise to repay and no answer was filed, it was proper to render a judgment by default final. (Montgomery, J., dissents).

4  If, in such case, on the facts stated in the complaint, the law did not raise an implied promise to repay, the judgment would be erroneous and not irregular and another Judge at a subsequent term would have no right to correct or set it aside.

MOTION in the cause heard before *Starbuck, J.,* at July Term, 1897, of ALEXANDER Superior Court, made by defendant Calvin J. Cowles, to set aside the judgment by default rendered against him at January Term, 1897, in so far as it included the sum of $125.85, with six per cent. interest thereon from February 17th, 1897, the judgment having been, by consent, upon motion of defendant, Ida A. Cowles, reformed as to both defendants, in so far as it declared a lien upon the lands. The purpose of the motion was to set it aside in so far as it was a personal judgment against defendant Calvin J. Cowles, for the said sum of $125.85, and interest.

The Court found the following facts:

The summons was duly served on Calvin J. Cowles, returnable to January Term, 1897. Plaintiff filed verified complaint within first three days of term. No answer was filed.

Defendant Calvin J. Cowles, a resident of Wilkesboro, was prevented by illness from attending at said term, but was represented by counsel who was present. Defendant did not inform his counsel as to the cause of his absence or as to the ground of his defence, but wrote a letter, simply stating that it was impossible for him to attend, and requested counsel to have case continued at said term.

Plaintiff's counsel moved for judgment by default final. Defendant's counsel opposed the motion and requested a continuance, with leave to answer.

121—35

Thereupon plaintiff's counsel stated that, if counsel for the defendant would say that his client had a meritorious defence, the request for time to answer would not be opposed.

Defendant's counsel stated he had no information as to the nature of the defence or as to the cause of his client's absence, except such as was contained in the letter.

The judgment which is attacked by this motion was then rendered.

The Court further found that in the action brought by Matheson against defendant C. J. Cowles, mentioned in Article V. of said complaint, H. C. Cowles, the plaintiff in this cause became a party defendant. The Matheson action was tried in Superior Court and judgment rendered in favor of defendants. Whereupon, Matheson gave notice of appeal to Supreme Court. H. C. Cowles believing the appeal would be successful, in order to protect the mortgage security for the debts owing to him by his then co-defendant, Calvin J. Cowles, paid Matheson $158.50, as stated in said complaint. The sum of $32.75, represents the amount of taxes paid by Matheson, including the tax for which the land was sold, and twenty per cent. interest thereon allowed to purchasers at tax sales. This last amount is conceded to be justly owing by Calvin J. Cowles to H. C. Cowles. The residue of said $158.50 was to cover the costs of the suit brought by Matheson, viz., $25.85, and the amount agreed on as a compromise, viz., $100. It is as to these last two items, aggregating $125.85, that defendant Calvin J. Cowles complains and seeks to vacate the judgment by default.

The Court further found that Matheson abandoned his appeal in consideration of the amount so paid him, and that the said compromise was effected without the knowledge or consent of Calvin J. Cowles, and that said amount of $125.85, with interest at 6 per cent. from February 17th, 1894, the date of payment to Matheson, was embraced in the judg-

ment by default. The Court was of the opinion that the judgment which the defendants attacked must have been rendered on the ground that the facts set forth in the complaint raised an implied contract on the part of Calvin J. Cowles to reimburse H. C. Cowles the $125.85, paid by the latter in effecting the compromise. His Honor was of the opinion that the judgment was not irregular, and that the facts did not constitute excusable neglect. He therefore adjudged, not as a matter of discretion but for the reason stated, that the motion be denied, and that plaintiff recover of defendant Calvin J. Cowles his costs of the motion. From this judment the defendant appealed.

*Messrs. Armfield & Turner,* for plaintiff.
*Mr. W. W. Barber,* for defendant (appellant).

CLARK, J.: This is a motion to set aside a judgment by default final taken at a previous term. The summons was duly served and a verified complaint filed. The defendant was represented by counsel but filed no answer. The plaintiff's counsel stated he would agree to the allowance of time to file answer if defendant's counsel would say that he had a meritorious defence. This he declined to do, saying that he had a letter from · his client stating he could not attend, but not informing him why he could not, not stating any ground of defence. Judgment final was thereupon entered. The conduct of defendant was inexcusable in not giving his counsel information on these points. Even now he shows no sufficient excuse for his failure to do this, and his Honor properly refused to set the judgment aside for excusable neglect. Besides, his refusal is a matter of discretion and not reviewable unless it appeared that his discretion had been abused. *Wyche* v. *Ross,* 119 N. C., 174; *Stith* v. *Jones,* Ibid 428; *Brown* v. *Hale,* 93 N. C., 188.

The defendant then insisted that the judgment should be

set aside for irregularity.   The part of the judgment alleged
to be irregular is that rendered for the cause of action set out
in the fifth section of the complaint which avers "that in
addition to the sums of money due as aforesaid, and secured
by mortgage, the said Calvin J. Cowles is indebted to the
plaintiff in the sum of $158.30 to be added to the said sums
secured by mortgage, by reason of the following facts," and
here the facts are set out, which are in substance that the
land had been sold for taxes against the mortgagor, and the
plaintiff mortgagee, to protect the mortgaged property, by
compromise paid the sum of $138.30 to the purchaser of the
tax title, as otherwise (as he averred) his security would
have been valueless and defeated.   This was an allegation
of a sum certain, paid for the benefit of the defendant, and
the plaintiff evidently rested his claim of indebtedness upon
the implied promise to repay.   It is not the case of an offi-
cious payment, but a payment by a mortgagee to protect the
title of the mortgagor.   15 Am. & Eng. Enc., 826, 827 and
note.   But whether the law raised an implied promise of re-
payment upon that state of facts it is indeed not necessary now
to decide, for if it did not raise such implied promise his
Honor, in rendering judgment that it did, committed an error
of law which could only have been corrected by an appeal
to this Court.   It could not be corrected by the next Judge
holding that Court, for he has no power to pass upon errors
in law committed in the judgments rendered by his prede-
cessor.   *May* v. *Lumber Co.*, 119 N. C., 96.

If the sum demanded had been for unliquidated damages,
or if, on contract, for an open account or other uncertain
amount, the judgment should have been by default and in-
quiry.   *Battle* v. *Baird*, 118 N. C., 854.   But when, as
here, the allegation is of a sum certain expended for the
benefit of defendant and therefore upon an implied promise
to repay, and the complaint is verified and no answer filed,

the judgment is properly by default final. *Code*, Section 385(1). There was nothing for the jury to pass upon. Upon a judgment by default and inquiry the legal liability is fixed by the default, and the inquiry is only to ascertain the amount. Here, if the facts appearing in the sworn complaint, and not denied in any answer, were not sufficient in law to imply a promise to repay, there was an error of law in the Court so holding, *i. e.*, it was an erroneous judgment, but there was no irregularity. The allegation in the complaint was of a sum as definite and fixed as if it had been evidenced by a bond or note. If upon the law the plaintiff was entitled to recover at all, upon the facts stated in the verified complaint there could be no question as to the amount, and no inquiry was required to ascertain it.

Affirmed.

MONTGOMERY, J., dissenting: The defendant, C. J. Cowles, borrowed a sum of money from the plaintiff, made his notes for the amounts and at the same time executed, with his wife Ida A. a mortgage to the plaintiff upon certain lands in the County of Alexander to secure the payment of the notes and interest. The defendant failed to pay the taxes for the year upon the lands conveyed in the mortgage and the same were sold by the Sheriff of Alleghany County for the taxes due thereon, at which sale W. B. Matheson became the purchaser and received a deed from the Sheriff for the lands. Matheson then brought suit against the defendants for the possession of the lands, but on the trial there were verdict and judgment against him. The plaintiff, however, being fearful of Matheson's recovery, eventually, and to protect his security made a compromise with Matheson by the payment to him of $158.25 without the knowledge or consent of the defendant, to surrender claim to the lands, all of which will appear in the receipt given by Matheson to the

plaintiff in this action, which is in the words and figures following:

"Received of H. C. Cowles, mortgagee of C. J. Cowles $158.50, $100 compromise, and $20.20 purchase money, and 20 per cent. interest, $11.60 tax for 1893, and $25.85 costs of suit—W. B. Matheson v. C. J. Cowles and others— and 85 cents for registering the tax purchase deed, by way of compromise and full satisfaction of the suit of W. B. Matheson v. C. J. Cowles in Alexander Superior Court tried at Spring Term, 1894, thereof. And I agree to convey whatever interest I acquired by the purchase of the lands in controversy in said suit at the sale of ex-sheriff R. M. Sharpe on the 7th day of April without any convenants of warranty whatever to C. J. Cowles, February 17, 1891."

Matheson, upon the payment of the $158.50, abandoned his appeal. Afterwards the plaintiff brought this action to foreclose the mortgage. At the January Term, 1897, of Alexander Superior Court a judgment by default final was entered against the defendant C. J. Cowles for the amount of the debt secured by the mortgage, and also for the amount paid by the plaintiff to Matheson. At the July Term of the Court, the wife of the defendant having been made a party defendant a judgment of foreclosure was entered. The amount ascertained to be due under the decree of foreclosure was the amount of the debt secured in the mortgage and also $32.75 of the amount paid by the plaintiff to Matheson, that sum being the amount which Matheson had paid as taxes on the lands. The sum of $125.85 of the money paid by the plaintiff to Matheson was entered up and embraced in the judgment by default, but was made a personal judgment against the defendant. The defendant then made a motion to set aside the judgment by default rendered against him at the January Term, 1897, so far as that judgment included the sum of $125.85. The motion was overruled and the defendant appealed.

The motion was not heard in the Court below as having been made under *The Code*, Section 274, for that section is intended to afford relief in cases where a judgment has been taken against a defendant through his mistake, inadvertence or surprise or excusable neglect, and neither of these grounds was alleged in the motion. Indeed the motion itself sets forth no reason, nor assigns any ground, why the judgment complained of should be set aside, nor does it allege that the defendant has any defence against it. But his Honor considered it as having been made of common right (and not under Section 274 of *The Code*) in reference to the alleged irregularity of the judgment because of its having been rendered contrary to the provisions of Section 385 (1) of *The Code*. In *Skinner* v. *Terry*, 107 N. C., 103, there was no specific assignment of the ground of the irregularity of the judgment, but this Court in reviewing the judgment of the Court below held that to be failure immaterial, because the record itself showed the irregularity complained of. The Court said: "Such irregularity of the judgment was not assigned specifically as one of the grounds of the motion, but the real purpose of the latter was to have the judgment in question set aside for any proper cause. The motion was made in the action and it embraced the whole record within its scope so that the Court could see and ought to have seen the irregularity and granted the defendant such relief as the nature of his motion would allow, and as he appeared to be entitled to have." Of course, we do not understand that part of the opinion quoted above as applicable to a motion to set aside the judgment based on grounds *dehors* the re-cord. In such a case the grounds would have to be set out so that the Court as well as the opposite party could see upon the motion itself such grounds as did not appear in the record, and upon which relief was sought.

In the case before us the record proper, the complaint

and judgment, was before the Court on the motion, and the irregularity of the judgment, if there was any, could be seen upon inspection. The plaintiff made no exception to the failure of the defendant to specify in his motion the grounds upon which he was seeking the aid of the Court but on the other hand he contended that the judgment was neither erroneous nor irregular.

It must be borne in mind that the Court had found as facts, upon the hearing of the motion, that the compromise which was made by the plaintiff with Matheson was made without the knowledge or consent of the defendant, and that the amount of $125.85 of the compromise was embraced in the judgment by default against the defendant, but as a personal judgment and not as a lien on the lands.

The Court adjudged upon the facts found, taken in connection with the complaint, that the judgment by default to the amount of that $125.85 was rendered on the legal conclusion stated by his Honor that the facts set forth in the complaint raised an implied contract on the part of the defendant to reimburse the plaintiff the amount which the plaintiff had paid to Matheson in effecting the compromise. The concluding portion of the judgment is as follows: "That said compromise was effected without the knowledge or consent of Calvin J. Cowles and that said amount of $125.85 with interest at 6 per cent. from February 17, 1894, the date of payment to Matheson, was embraced in the judgment by default. The Court is of opinion that the judgment which the defendants attack must have been rendered on the ground that the facts set forth in the complaint raised an implied contract on the part of Calvin J. Cowles to reimburse H. C. Cowles the $125.85 paid by the latter in effecting the compromise. As to whether the construction so placed upon the facts set forth in the complaint was erroneous or correct, is not for this Court to

COWLES *v.* COWLES.

determine. The defendant's remedy was by appeal or *certiorari*. The Court is of opinion that the judgment is not irregular and that the facts do not constitute excusable neglect. It is therefore adjudged, not as a matter of discretion, but for the reasons stated, that the motion be denied and that plaintiff recover of defendant Calvin J. Cowles his costs in the motion."

The ruling of his Honor brings up for decision the question whether the facts set forth in the complaint, taken as true, amounted to an implied contract on the part of the defendant to pay to the plaintiff a sum of money fixed by the terms of the contract. If so, the judgment was regular and the plaintiff is entitled to no relief upon his motion, for he shows no merits, nor any defence upon the *face* of the motion. If the judgment to the extent of the $125.85 is conceded to be irregular, even then the defendant is entitled to no relief, no defence or merits appearing on the face of the motion, unless the record itself discloses a legal defence. First, then, is the judgment irregular? We think it is.

The plaintiff took his judgment by default final under Section 385 (1) of *The Code*, and for a breach of an implied contract on the part of the defendant to pay to him the $125.85 which the plaintiff had paid to Matheson in compromise and settlement of Matheson's claim against the lands. The plaintiff does not claim the right to recover as for money paid to Matheson at the request of the defendant and for him; for it is admitted that the money was paid without the knowledge or consent of the defendant. Nor does it any where appear that there was any legal obligation upon the plaintiff to pay the money to Matheson on account of any liability which he had incurred because of defendant's default. The plaintiff was negligent in that he failed to look after his security by seeing that the taxes were regularly paid by the mortgagor or to pay them himself if

121—36

the mortgagor failed to do so, thereby making them a lien on the land under the Revenue Law. And it was to protect himself and not for the benefit, directly, of the defendant that the plaintiff paid the money to Matheson. If Matheson had made a deed conveying the lands to the defendant after the compromise had been made and the defendant had received the deed with a knowledge of the facts under which it was executed, .the case might have been different; but it does not appear that that was done. Matheson simply withdrew his appeal. The judgment therefore is irregular in that it was a final judgment, there having been no implied contract to pay on the part of the defendant.

Is the defendant then entitled to relief by reason of matters appearing on the complaint? We think so; for the plaintiff has no cause of action against the defendant as stated in the complaint for the amount of the $125.85. The plaintiff's cause of action as stated in his complaint did not warrant any kind of judgment as far as the $125.85 is concerned.

I think there was error in the refusal of the Court to set aside the judgment by default obtained at January Term, 1897, to the extent of the $125.85, and that the judgment should be modified to that extent.

FURCHES, J., having been of counsel did not sit on the hearing of this case.