EDWARD SIMMONS v. CLEMENT DOWD, Administrator.

*Practice--Excusable Neglect--Erroneous and Irregular Judgments.*

1. The statute (C. C. P. § 133) was intended to relieve a party from a judgment taken against him through *his* excusable neglect; *Therefore*, a motion to correct an erroneous judgment rendered at a former term of the Court will not be allowed, if it appears that the error committed was that of the *Court* and not that of the *party*.
2. In such case the remedy is by appeal, certiorari or petition to rehear.
3. Where there has been no excusable default of the party and no appeal, &c., an erroneous judgment stands and has all the force of a right judgment.
4. An irregular judgement, *i. e.* a judgment contrary to the course of practice of the Court, may be set aside at any time.

MOTION to correct a Judgment heard at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

The action was originally brought against Samuel A. Harris, the intestate of defendant. The allegation was that in 1862, Harris agreed in consideration of reasonable commissions as agent of plaintiff, to hire out certain slaves of plaintiff, and that he did not comply with the contract. This case was referred to Referees, who reported among other things, that Harris had hired out the slaves for a certain period in Confederate currency, but had not paid the same to plaintiff. They further found that the value of the services of said slaves in the present currency was six dollars per month for each slave. Upon this report a judgment was rendered at a former term of said Court, and the defendant by this motion seeks to have the same corrected, upon the ground, that the judgment as drawn and signed was not warranted by the report of the Referees. This motion was resisted by the plaintiff, because ; (1) it was not made within one year after notice of the judgment; (2) no excusable neglect or surprise is shown; and (3) that the judgment was

warranted by said report and the Court has no power to decide that it was not. His Honor granted the motion and modified the judgment, and the plaintiff appealed.

*Mr. W. H. Bailey*, for plaintiff.
*Messrs Wilson & Son*, for defendant.

READE, J. The motion of the defendant and the action of the Court below were evidently based upon the idea that C. C. P. § 133, applied to the case, but that was a mistake.

That section provides that where a party—not where the Court—but where a party has been at some default in consequence of which a wrong judgment has been rendered against him, he may be relieved against it at any time within a year if he will move, and if the Court shall be of the opinion that his default was excusable. The words of the section are "may relieve a party from a judgment, &c., taken against him through *his* mistake, inadvertence, surprise, or excusable neglect."

Now it is not alleged or pretended that the *party* was in any default in this case. The only cause assigned for vacating the judgment is, that it was "not warranted by the report of the Referee;" that it was for too much; that it ought to have been for $261 instead of $432. The motion therefore is to correct an erroneous judgment rendered at a former term of the Court; the error being not that of the party under C. C. P. § 133, but the error of the Court.

It is common learning that all the judgments and proceedings of the Court are "in the breast of the Court" *during the term*, and may be vacated or amended in any way; but *after the term closes* they are sealed forever. This applies to all the proceedings of the Court which are *regular* and *according to the course and practice of the Court* however erroneous the same may be. And *note*, that an erroneous judgment may be just as regular as one which is free from error. If I sue a man

and recover a hundred dollars, my judgment is regular. If I ought to have recovered two hundred dollars, or ought only to have recovered fifty, my judgment for one hundred is erroneous, but still it is regular. And after the term of the Court when it is rendered, I cannot have it increased, and the defendant cannot have it diminished. If this were not so there would be no end to litigation.

An irregular judgment, *i. e.* a judgment contrary to the course of practice of the Court, as for instance against one who is not a party, may be set aside at any time. So where the record does not speak the truth, *i. e.* does not show what was actually done, it may be made to speak the truth at any time. But it cannot be made to speak what is not the truth. And here the record did speak the truth, for the Court did in fact give judgment for $432. And it is proposed to amend it by making it speak what is not the truth, that the Court gave judgment for $261. A record is the memorial of what was *done* and not of what *ought to have been done*.

Is there no remedy for an erroneous judgment where the Court and not the party has been at fault? Yes; there is an appeal at the time, or if that is lost, a *certiorari* under proper circumstances. And in this Court from which there is neither appeal nor *certiorari* we allow a petition to rehear. But where there has been no excusable default of the party before judgment so as to come under C. C. P. § 133, and no appeal or *certiorari* after judgment from the Court below, or petition to rehear in this Court, an erroneous judgment stands and has all the force and effect of a right judgment.

But then it is insisted that where a Court renders an erroneous judgment which at the time is supposed both by the Court and the parties to be right, but which is subsequently discovered to be wrong, it is excusable neglect not to appeal. So it may be. And it may be that the party would for that reason be entitled to a *certiorari* or to an injunction, but it does not come under C. C. P. § 133, which allows relief for

the excusable default of the party which was *before* judgment.

The error in this case was, that the Court gave judgment for the value of the services of the slaves, instead of for the value of the Confederate currency which the defendant had received for them. But all this was known to the defendant at the time and was acquiesced in. And the error complained of was either an after thought or else the defendant was inexcusably negligent in not having it corrected.

There is error. This will be certified.

PER CURIAM.                     Judgment reversed.