EVERETT *v.* REYNOLDS.

---

EVERETT, WALL & CO. v. JOHN REYNOLDS et al.

*Practice—Irregular and Void Judgments—Foreclosure of Mortgage—Confirmation of Sale—Motion to Set Aside Decree.*

1. Where, after a decree ordering a sale of land, in a suit to foreclose a mortgage, the defendant mortgagor died and his heirs were not made parties and the sale was made and confirmed without notice

to the heirs, the decree confirming the sale was irregular but not void.

2. The proper remedy to have an irregular judgment, though final, set aside is by a motion in the cause.

3. A motion to set aside an irregular judgment confirming the sale of land in foreclosure proceedings will not be allowed where there is nothing to indicate that the parties have been or may be prejudiced thereby.

This was an ACTION to foreclose a mortgage, at the February Term, 1890, of the Superior Court of RICHMOND county, and a decree of foreclosure was regularly entered against the defendants and commissioners were appointed to sell the land for cash to the highest bidder and to report said sale to the Court for further directions. After this decree was made the defendant John Reynolds, the mortgagor, died, but his death was not suggested to the Court, and some time thereafter the commissioners exposed the land for sale, at which sale one of the heirs at law, N. R. Reynolds, became the highest bidder in the sum of $432. He failed to comply with the bid, and the commissioners accepted the next highest bidder, E. N. Ingram, whose bid was only one dollar less than that of the said N. R. Reynolds. The commissioners reported that the sale was duly advertised and properly conducted and that the land brought a fair value. The Court declared that the bid of the said N. R. Reynolds was not *bona fide;* confirmed the sale; ordered that title be made to the purchaser Ingram, and that the purchase-money be collected and applied to the satisfaction of the judgment and costs, and that the balance be paid " to the defendants or such person as may have a lien on the lands sold." The purchase-money was paid and applied as directed by the Court and a deed executed to the said purchaser. The said N. R. Reynolds and the other heirs were never made parties to the action, nor were they notified of the report of the commissioners nor of the

confirmation thereof. These parties moved before his Honor *Bryan, J.*, at February Term, 1894, that the sale be set aside.

The motion was granted, and the plaintiffs and the purchaser appealed.

*Messrs. Batchelor & Devereux* and *Strong & Strong*, for plaintiffs.

*Messrs. Guthrie & Morrison* and *T. A. McNeill*, for defendants (appellants).

SHEPHERD, C. J. (after stating the facts): It is well settled that the judgment of the Court confirming the sale was irregular and not void (*Lynn* v. *Lowe*, 88 N. C., 478; *Knott* v. *Taylor*, 99 N. C., 511; *Wood* v. *Watson*, 107 N. C., 52), and it has also been decided that a motion in the cause is the proper remedy to have such a judgment vacated although it be final. *Carter* v. *Rountree*, 109 N. C., 29; *McLaurin* v. *McLaurin*, 106 N. C., 331, and the cases cited.

Conceding that the purchaser, a stranger, is affected with the irregularity because the record would have disclosed a want of notice of the motion to confirm, we are nevertheless of the opinion that the motion setting aside the final judgment should not have been allowed. We think that such an order should not have been made unless there was something in the affidavits which tended to show that the heirs were prejudiced by reason of the irregularities complained of.

In *Stancil* v. *Gay*, 92 N. C., 455, the Court said: "But if there were irregularities in the proceeding, affecting the decree, the appellants would not, as they seem to suppose, be entitled to have it set aside on that account, as of course. In such case it would behoove them to show that the alleged irregularities affected them adversely in a material respect."

EVERETT *v.* REYNOLDS.

In *Williamson* v. *Hartman*, 92 N. C., 236, the Court said: "Generally a judgment will be set aside only when the irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining, interested in it, or when the judgment is void." See also, *Peoples* v. *Norwood*, 94 N. C., 167; 1 Freeman Judgments, sec. 102.

Now, if we apply this principle to the present case, it would seem very plain that the motion should not be allowed. There is not the slightest suggestion that the sale was unfair, or that the land did not bring its full value; nor is there any objection on the part of N. R. Reynolds to the finding that he was not a *bona fide* bidder. Indeed, there is nothing to indicate that these parties have been in any way prejudiced, nor does it appear that they may be prejudiced, since they do not offer to redeem the land, nor do they pretend that at another sale it will bring a greater price. If we were to set aside the judgment it would, under these circumstances, be our duty to confirm it again, and to avoid doing so vain a thing the Court requires that there must be some evidence that the motion is based upon meritorious grounds.

For these reasons we think that the order of the Court should be                                    Reversed.