JOSIAH TURNER v. GUSTAV ROSENTHAL.

*Res Judicata—Estoppel—Different Cause of Action.*

Where, in an action by T. against Mrs. H. to recover certain bonds alleged to have been fraudulently transferred to her by a judgment debtor of T., it was adjudged that the judgment debtor was not the owner of the bonds, and T. afterwards brought suit against a Receiver (who had been previously appointed to collect the judgment debt) for negligence and failure to collect. *Held*, That, the Receiver not being a party to the suit first mentioned, the adjudication in that action does not bar the action by T. against the Receiver.

CIVIL ACTION, heard before *Hoke*, *J.*, at Fall Term, 1894, of ORANGE Superior Court.

It is an action for the recovery of damages against the defendant on account of his alleged negligent and wilful failure to collect as receiver, appointed in supplementary proceedings commenced by G. W. Swepson and others against the plaintiff, a certain judgment which came into his hands as such receiver in favor of the plaintiff and aga.nst W. W. Holden. The plaintiff alleges in his complaint that the defendant could have made money on the judgment if he had used due diligence in the matter, and that the defendent combined and conspired with Swepson and Holden to prevent him from recovering any thing on the judgment. The defendant in his answer admits the receivership and denies all the other allegations of the complaint. At a later term of the court, the defendant by leave filed an amendment to his former answer, a part of which is as follows:

"1. That there has been pending and was tried and finally determined at February Term, 1894, of the Superior Court of Wake County in said State, a civil action wherein Josiah Turner was plaintiff and Mrs. L. V. Holden, and C. A. Sherwood, administrator of W. W. Holden, were defendants, in which said action all the matters of fact, and issues as well of law as of fact, involved in this present action, were heard and determined, and more especially was it determined "that there was a gift and transfer of $5,000 of United States bonds from W. W. Holden to L. V. Holden on October 27, 1869, and of $25,000 of United States bonds on November 6, 1869, and that at the time of such transfer W. W. Holden did retain property fully sufficient and available to satisfy his then existing creditors, and that there are no claims which were then outstanding which are now valid and existent debts against said estate, and that the gift and transfer of said bonds was not made with the actual intent to hinder, delay and defraud the then credit-

ors of W. W. Holden, and that the gift and transfer of such bonds was not made with design and intent to delay, hinder and defraud the plaintiff and any subsequent creditors of said W. W. Holden; and it was adjudged that the plaintiff take nothing by his action, and that the defendants go without day.

"2. That in said action the plaintiff relied upon the allegation that there had been a fraudulent gift and transfer of the United States bonds in 1869, and that the same were still liable to satisfy his judgment for $8,000 obtained against W. W. Holden in Chatham County and renewed in Wake County, and which he insists upon in this action and seeks to hold the defendant Rosenthal, as receiver, responsible, because he did not collect the said judgment of $8,000 out of the proceeds of the United States bonds to the amount of $30,000 alleged to have been fradulently transferred in 1869 by W. W. Holden to L. V. Holden, the same being in fact the very matter he relies upon to support his present action, and all these matters in relation to the gift and transfer of said bonds were passed upon and determined."

The defendant also set up a duly certified copy of the record of the case tried in Wake County, in his amended answer, and submitted "that the present plaintiff ought not to be admitted or received to urge his present action against the defendant, for the reason hereinbefore set forth, and the defendant verifies this his amended answer, and prays judgment whether the plaintiff ought to be admitted or denied, against the said record now plead in this action by leave of the Court, to urge his said action against the defendant, and more especially that the defendant as receiver ought to have collected the $8,000 out of the United States bonds, or their proceeds found by the jury to have been lawfully transferred in 1869 by W. W.

Holden to L. V. Holden, which is the negligence complained of; and this defendant demands judgment that he go without day and recover his costs."

The plaintiff demurred to the defendant's amended answer upon which the Court rendered the following judgment: " Upon consideration it is adjudged that the demurrer be sustained in so far as to decide that the matter set up in the amended answer does not constitute an estoppel or bar upon the plaintiff to further prosecute this action, but that the amended answer shall constitute and be considered a part of the pleadings in the cause. Defendant takes an appeal from the judgment sustaining the demurrer. Plaintiff then moved ·for judgment by default of inquiry on the pleadings, which was denied and plaintiff excepted.

*Messrs. C. D. Turner* and *Frank Nash,* for plaintiff.
*Mr. J. W. Graham,* for defendant.

MONTGOMERY, J.: We find no error in the ruling of His Honor. The defendant in this action was not a party to the suit in Wake County between the plaintiff and Mrs. Holden and Sherwood, the administrator of Holden. And also, while it appears from the complaint and answer that the plaintiff in this action still alleges as a matter of liability against the defendant, his negligent and wilful failure to subject the United States bonds mentioned in the suit in Wake County to the satisfaction of the plaintiff's judgment against Holden, yet he does not confine himself to that allegation. When his complaint is examined from the most liberal view under the Code practice, it will appear most probably that he alleges in substance that there was other property of the judgment debtor, besides the bonds, that could have been reached by the defendant as

COMMISSIONERS *v.* TOBACCO COMPANY.

receiver.  *Temple* v. *Williams,* 91 N. C., 82; *Williams* v. *Clouse, Ibid,* 322.  It was in this light, no doubt, that His Honor viewed the pleadings and refused to allow the plea of estoppel set up by the defendant in his amended answer; for if it be admitted that the only material matter involved in the action in Wake Superior Court, and in the present one, was as to the title of the United States bonds mentioned in the amended answer, and whether or not the defendant should have subjected them to the satisfaction of the plaintiff's judgment, why then the plaintiff is estopped because in an action wherein he was a party the *title* to the bonds was held to have been in Mrs. Holden and not in her deceased husband, the judgment debtor.  *McElwee* v. *Blackwell,* 101 N. C., last paragraph on page 192.  In this last mentioned case, the Court suggest the best way to make the defence of another judgment, for the same cause of action, available.  There is no merit in the plaintiff's exception.

The judgment below is affirmed.

Affirmed.