MOREHEAD BANKING COMPANY v. B. L. DUKE, et. al.

*Practice—Judgment—Erroneous and Irregular Judgments—Amendment or Correction of Judgment.*

1. An erroneous judgment is one entered regularly but contrary to law and can not be set aside at a subsequent term of the Court, while an irregular judgment is one entered contrary to the course and practice of the Court and may be set aside on motion if made after notice, within apt time.

2. A judgment by default on a note for the payment of money only, against one who fails to appear and answer the complaint, is regular in all respects.

3. Where, in an action against the makers of a joint and several note, the complaint alleged no difference in the liability of the makers except in the prayer for judgment, and a judgment by default was entered against two of the defendants who failed to appear and answer; *Held*, that it was error, at a subsequent term and after due notice, to

amend the judgment, on motion of the defendants. by inserting after their names the words "as sureties", it not being the practice of the Courts to see that evidence of suretyship is produced and such fact inserted in the judgment in the absence of the defendants and without any averment or request on their part.

MOTION to correct a judgment heard before *Allen, J.*, at January Term, 1897, of DURHAM Superior Court. The motion was allowed and plaintiff and L. L. Morehead, Executrix, (defendant) appealed.

*Messrs. Boone & Bryant, J. W. Graham* and *F. A. Green,* for defendants Duke and Green.

*Messrs. Winston & Fuller* and *J. S. Manning,* for defendant Morehead (appellant).

FAIRCLOTH, C. J.: Facts: On March 16th, 1893, L. L. Morehead, B. L. Duke and L. Green executed their promissory note to the plaintiff. At October term, 1893, on action brought on verified complaint, a final judgment was entered against Duke and Green, no process having been made on Green, nor answer filed by Duke. By consent said judgment was canceled and case continued, and in December, 1893, personal service on Green was made. At June term, 1894, a final judgment by default was entered against Duke and Green, neither one having filed an answer, and no amendment made to the complaint. The judgment has remained, no judgment yet against L. L. Morehead, nor have any rights of third parties intervened. At January term, 1897, after due notice, a motion was made to "correct and amend" the judgment of 1894 by inserting after the names Duke and Green the words "as sureties" and it was so ordered by His Honor, who held that the judgment at June term, 1894, was irregular, and in that there was error.

There can be no relief under *The Code,* Sec. 274, as that is a remedy for a mistake of the *party* and it must be within

one year. A judgment *nunc pro tunc* means to enter a judgment *now* which was intended *then* and there is no evidence that the court intended to enter a judgment other than that which was entered.

An *erroneous* judgment is one entered regularly but contrary to law, and cannot be set aside at a subsequent term of the court. The only remedy is by appeal or *certiorari*.

An *irregular* judgment is one entered contrary to the course and practice of the court, as without service of process. *Wolfe* v. *Davis,* 74 N. C., 597.

A judgment by default on a note for the payment of money only, against one who fails to appear and answer the complaint, is regular in all respects. *Walton* v. *Walton,* 80 N. C., 26. The court having jurisdiction of the parties and the subject, the parties are bound to take notice of what was done until final judgment therein. The law charges them at their peril to be watchful of their interests therein, and it is their neglect and their folly if they do not, so that the defendants were charged with notice of what they allege was wrong in the judgment from the day of its rendition. *Stancill* v. *Gay,* 92 N. C., 455.

Was the judgment irregular? It is the record of what was actually done and not of what might have been done. The note was the joint and several obligation of all the signers to pay money, with no indication as to who was principal or surety. The creditor was entitled to a judgment. *The Code,* Section 2100, extends to defendants, in actions upon contract, who insist that they are sureties, the privilege of having that fact found by the jury and endorsed by the clerk on the execution, &c. Is it the course and practice of the courts to see that such evidence is produced, and then upon the verdict insert that fact in the judgment in the absence of the defendants, and without any averment or request on their

BANK *v* CARR.

part to do so? Could the Court have intended to do so? We think not. So the judgment cannot be irregular, and cannot be amended by inserting what was not intended at its rendition. This conclusion dispenses with the necessity of considering whether the application was made within a reasonable time.

Reversed.