INSURANCE CO. v. SCOTT.

(Filed October 4, 1904).

1. PROCESS—*Insurance—Acts 1899, ch. 54.*

The power of attorney executed to the state insurance commissioner appointing him attorney upon whom process can be served, the same to be "in force irrevocable so long as any liability of the company remains outstanding" in the state, is irrevocable so long as such liability remains.

2. JUDGMENTS—*Motions—Actions—Acts 1893, ch. 81—The Code, sec. 274.*

A judgment obtained by default can be set aside within one year for mistake, surprise or excusable neglect only by motion, and not by an independent action.

3. JUDGMENTS—*Waiver—Exceptions and Objections.*

That the evidence on which a default judgment was based was not sworn to was a mere error, waived by not being excepted to.

4. JUDGMENTS—*Waiver—Fraud.*

The defendant, in a default judgment, is not entitled to have the same set aside for fraud, consisting of false allegations and proof, which were known to it at the time the judgment was rendered.

ACTION by the Mutual Reserve Fund Life Association against S. H. Scott, heard by *Judge O. H. Allen,* at May Term, 1904, of the Superior Court of CRAVEN County. From a judgment for the defendant the plaintiff appealed.

*J. W. Hinsdale & Son* and *Shepherd & Shepherd,* for the plaintiff.

*W. W. Clark,* for the defendant.

CLARK, C. J. This is a civil action to set aside a judgment on the ground of fraud, and secondly, that service of summons was made only upon James R. Young, Insurance Commissioner, though the defendant in the judgment (the plaintiff in this action) had revoked its letters of attorney which had been filed with the Insurance Commissioner, as required by the act of Assembly "to regulate fire insurance and other companies," ratified 6 March, 1899. This service was held good in a case by this plaintiff presenting the same point (*Biggs v. Ins. Co.,* 128 N. C., 5), which was reviewed and re-affirmed in another case brought up by this appellant. *Moore v. Ins. Co.,* 129 N. C., 31. It does not appear even that the plaintiff herein did not appear in the action in which this judgment was taken, but inferentially that it did, for the second ground of relief set out is that "the plaintiff herein, under advice of counsel, made default in said action and did not discover that the judgment was procured by the false complaint and the unsworn statement of the attorney of said Scott," based upon the statements made to him by said Scott, until about the last of January, 1904.

It appears from the complaint in said former action, filed as an exhibit to the complaint herein, that the judgment was obtained by default upon a duly verified complaint. If there was mistake, surprise or excusable neglect, it is not shown by the averments in this action. Besides, relief on such ground cannot be had now by an independent action, but only by a motion in the cause under The Code, sec. 274. *Morrison v. McDonald,* 113 N. C., 327. If the party fail to make such motion in a year, he cannot have relief by an independent action. *Walker v. Gurley,* 83 N. C., 429.

If the defendant had never been served with process, nor appeared in the action, the judgment could be treated as void without any direct proceeding to vacate it. *Condry v. Ches-*

*hire,* 88 N. C., 375. An irregular judgment can be set aside by motion in the cause by a party thereto at any time—not by an independent action. *Everett v. Reynolds,* 114 N. C., 366, and other cases cited in Clark's Code (3 Ed.), p. 323. On the allegations, however, it appears that the judgment was regularly taken by default and inquiry, and at a subsequent term judgment was had upon a verdict upon the inquiry.

The complaint alleges, as grounds of fraud to set aside the judgment, that certain material allegations in the complaint, and in the testimony on which the verdict and judgment were obtained in the original action, were false and fraudulent, but these were matters which should have been defended in that action instead of permitting judgment to go by default, as the plaintiff herein avers that he advisedly and deliberately did. It appears upon the face of the complaint in the first action, appended as an exhibit to the complaint in this, that the facts in reference to each allegation in the original complaint were in possession of the defendant in that action (the plaintiff in this) at the time said judgment was rendered.

"Equitable relief will not be granted to a party against a judgment because of a good ground (even) of defense of which he was ignorant till after judgment rendered, unless he shows that by the exercise of reasonable diligence he could not have discovered such defense in time for the trial, or that he was prevented from the exercise of such diligence by fraud or surprise on the part of the opposing party, or by accident or mistake unmixed with negligence on his part." *Merrimon, J.,* in *Grantham v. Kennedy,* 91 N. C., 153. The last ground named in that citation is inadvertently taken from the former procedure, for relief in that class of cases cannot now be had by independent action, but only by a motion in the cause to set aside the judgment for "mistake, surprise or

excusable neglect" under The Code, sec. 274, amended by Acts of 1893, ch. 81. *Morrison v. McDonald, supra.*

The allegation that the witness, upon whose evidence the verdict at the inquiry was obtained, was not sworn, does not *per se* show fraud, but merely error which was waived by not being excepted to. The plaintiff has had his day in court. He had full opportunity to defeat a recovery upon the very grounds he now urges to set aside the judgment, *i. e.,* the falsity of allegations in the complaint and proof in the original action. He says he purposely kept silent, made no defense and permitted the judgment by default to be taken. The courts cannot thus be trifled with. "Having been silent when he should have been heard, he cannot now be heard when he should be silent." *Bank v. Lee,* 38 U. S., 119.

In sustaining the demurrer to the complaint there was

No Error.