Error.

---

## SCOTT v. LIFE ASSOCIATION.

(Filed March 21, 1905).

*Appearance, Special and General—Judgment, Irregular and Erroneous—Res Judicata—Judgment by Default.*

1. An appearance entered solely for the purpose of making a motion to vacate a judgment for irregularity, involves the merits of the case and is a general appearance.

2. A special appearance cannot be entered except for the purpose of moving to dismiss an action, or to vacate a judgment for want of jurisdiction, and if the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character.

3. Where a party brought an action to vacate a judgment against him on the ground of fraud and was unsuccessful, he is not estopped or precluded by that action from moving in the cause to vacate the judgment for irregularity.

4. An irregular judgment cannot be vacated in· an independent action, but it must be done by a motion in the cause by a party thereto within a reasonable time, and the mover must show merits.

5. In order to constitute a *res judicata*, the question in the pending suit must have been involved in the issue as joined in the former suit, and not merely one which might have been litigated, although not so involved.

6. Where the plaintiff sued to recover the amount of certain fees, dues and assessments paid by him on a policy which the defendant had wrongfully caused to be cancelled, and the defendant failed to answer the verified complaint, the plaintiff was entitled to a judgment by default.

7. A judgment for an excessive amount is erroneous, and not irregular, and can be corrected only by an appeal, in apt time.

8. Where the plaintiff was entitled to a judgment by default final, the fact that a judgment by default and inquiry was first entered and at a subsequent term the inquiry was executed, verdict rendered and judgment entered in accordance with the verdict, will not invalidate the final judgment regularly rendered.

BROWN, J., dissents.

ACTION by S. H. Scott against Mutual Reserve Fund Life Association, heard by *Judge W. B. Council* at the November Term, 1904, of the Superior Court of CRAVEN County, upon defendant's motion in the cause to set aside the final judgment rendered at May Term, 1902.

The plaintiff alleges that the defendant had wrongfully cancelled his policy after he had paid thereon in fees, annual dues and mortuary assessments in the sum of $521.65, and to recover that sum he sued in this action. The defendant being a non-resident insurance company, process was served on the Insurance Commissioner as provided by the Act of 1899, chap. 54. At February Term, 1902, there was a judgment by default and inquiry, defendant having failed

to appear, and the record shows that at May Term, 1902, the inquiry was executed and a verdict and judgment for the above amount and interest, $899.32, were entered. On or about the first day of February, 1904, the defendant brought an action to set aside the judgment on the ground of fraud, and having failed to prosecute the action with success (136 N. C., 157) it moved in the Superior Court to set aside the judgment for irregularity, alleging that the verdict was rendered without any evidence whatever having been submitted to the jury. At the time of making its motion the defendant entered an appearance in the following terms: "The defendant, appearing for the purpose alone of making this motion, moves to set aside the judgment entered at May Term, 1902, as irregular, and to find the facts set forth in C. W. Camp's affidavit, or to pass upon said proposed findings of fact." The Court refused to set aside the judgment upon the ground that the same matter had been adjudicated in the action to set aside the judgment for fraud. The defendant excepted and appealed.

*W. W. Clark,* for the plaintiff.

*J. W. Hinsdale* and *Shepherd & Shepherd,* for the defendant.

WALKER, J., after stating the facts. The case was argued before us as if the defendant had entered a special appearance, and the plaintiff's counsel insisted that having done so the defendant could not have the relief it seeks, nor could it appeal to this Court, citing *Clark v. Mfg. Co.,* 110 N. C., 111. The argument of both counsel was based upon a misconception of the true nature of the appearance entered by the defendant. In the first place it does not on its face purport to be a special appearance. It is true the defendant appeared solely for the purpose of moving to set aside the judg-

ment, but as such a motion involves only the merits of the
case and is not confined to the one objection that the Court
is without jurisdiction, it follows that an appearance entered
solely for the purpose of making that motion is essentially a
general appearance. The test for determining the character
of an appearance is the relief asked, the law looking to its
substance rather than to its form. If the appearance is in
effect general, the fact that the party styles it a special ap-
pearance will not change its real character. 3 Cyc., pp. 502,
503. The question always is, what a party has done, and
not what he intended to do. If the relief prayed affects the
merits or the motion involves the merits, and a motion to
vacate a judgment is such a motion, then the appearance is
in law a general one. *Ibid.,* pp. 508, 509. The Court will
not hear a party upon a special appearance except for the
purpose of moving to dismiss an action or to vacate a judg-
ment for want of jurisdiction, and the authorities seem to
hold that such a motion cannot be coupled with another based
upon grounds which relate to the merits. An appearance for
any other purpose than to question the jurisdiction of the
Court is general. 2 Enc. of Pl. & Pr., 632. In *Insurance
Co. v. Robbins,* 59 Neb., 170, the Court says: "The effort
of the company evidently was to try the matter and obtain
a judgment on the merits while standing just outside the
threshold of the Court. This it could not do. A party can-
not be permitted to occupy so ambiguous a position. He can-
not deny the authority of the Court to take cognizance of an
action or proceeding, and, at the same time, seek a judgment
in his favor on the ground that his adversary's allegations
are false or that his proofs are insufficient. 'A special appear-
ance,' says *Mitchell, J.,* in *Gilbert v. Hall,* 115 Ind., 549,
'may be entered for the purpose of taking advantage of any
defect in the notice or summons, or to question the jurisdic-
tion of the Court over the person in any other manner; but

filing a demurrer or motion, which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the Court.' Whether an appearance is general or special does not depend on the form of the pleading filed, but on its substance. If a defendant invoke the judgment of the Court in any manner upon any question, except that of the power of the Court to hear and decide the controversy, his appearance is general." See also, *Handy v. Ins. Co.,* 37 Ohio St., 366; *Pry v. Railroad,* 73 Mo., 123; *Cohen v. Trowbridge,* 6 Kan., 385; *Briggs v. Humphrey,* 83 Mass. (1 Allen), 371.; *Crawford v. Foster,* 84 Fed. Rep., 939. "There are cases where the defendant may make a *quasi* appearance for the purpose of objecting to the manner in which he is brought before the Court, and in fact to show that he is not legally there at all, but if he ever appears to the merits he submits himself completely to the jurisdiction of the Court and must abide the consequences. If he appears to the merits, no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not." *Nicholes v. The People,* 165 Ill., 502; 2 Enc. Pl. & Pr., 625.

We must hold upon principle and authority that the defendant has made a full appearance in the case and will be bound in all respects by the orders and decrees of the Court, even if not already bound by reason of the service of process. But the latter is in itself sufficient for that purpose. *Biggs v. Ins. Co.,* 128 N. C., 5; *Moore v. Ins. Co.,* 129 N. C., 31; *Ins. Co. v. Scott,* 136 N. C., 157; *Fisher v. Ins. Co., Ibid.,* 217.

It is too plain for any argument that the defendant is not precluded by anything said or done in the action to set aside the judgment for fraud, from now prosecuting this proceed-

ing to set aside the judgment for irregularity. The Court could not in that action consider the question now raised. A judgment cannot be vacated for irregularity in an independent action, but it must be done, if at all, by motion in the cause. This being so, nothing said in that case can conclude the defendant by way of estoppel, or as *res judicata,* or as the "law of the case," or in any other way that we can now conceive. There was but one question before the Court in that case, namely, whether the judgment was obtained by fraud. The only question involved in this proceeding is whether the judgment was irregular. In contemplation of the law, the two questions are quite diverse, and a decision of the one is not in any sense a decision of the other. A case directly in point is *Tyler v. Capehart,* 125 N. C., 64, in which the true rule of *res judicata* is clearly stated, and *Wagon Co. v. Byrd,* 119 N. C., 460, explained and limited to its peculiar facts. The general result is this, in order to constitute a *res judicata* the question in the pending suit must have been involved in the issue as joined in the former suit, and not merely one which might have been litigated, although not so involved. *Williams v. Clouse,* 91 N. C., 322; *Turner v. Rosenthal,* 116 N. C., 437. But however we may state the rule, it is quite sure this case is not within it, because the question presented was not and could not have been litigated in the former suit. *Syme v. Trice,* 96 N. C., 243. "An irregular judgment can be set aside by a motion in the cause by a party thereto at any time, not by an independent action." *Insurance Co. v. Scott,* 136 N. C., 159; *Everett v. Reynolds,* 114 N. C., 366. Although it may be set aside at any time, that is, after the term, this does not mean within any indefinite period of time, but within a reasonable time, and besides the mover must show merits. *Williamson v. Hartman,* 92 N. C., 236; *Everett v. Reynolds, supra.* As the Court refused to find the facts upon the

ground that, if they are correctly set forth in the affidavit of Camp, the motion should be denied because by the judgment in the former suit the matter had been adjudicated, we must, for the purposes of this appeal, assume the facts to be as therein stated. While the Court, as we have seen, refused the defendant's motion upon an erroneous ground, there is no reason why we should not sustain the ruling if it is in itself correct. We are not concerned so much with the reason for the ruling of the Court as we are with the ruling itself. If it is right for any valid or sufficient reason, it must be affirmed. We think the Judge was right in refusing the motion. The plaintiff sued to recover the amount of fees, annual dues and mortuary assessments paid by him on a policy which the defendant had wrongfully and in clear violation of its contract of insurance (as appears from the unanswered complaint) declared to be forfeited and had caused to be cancelled. The total amount of the sums thus paid is distinctly stated in the complaint, and the money so received by the defendant is, in the view of the law, held by it to the plaintiff's use, as having been received upon a consideration which has failed by its own fault. Because the defendant has thus received the money, which *ex equo et bono* it ought to refund, the law implies a promise to pay back the specific sum, not any indefinite or unliquidated amount, but the same amount which was paid by the plaintiff to the defendant. This Court has repeatedly held that when an insurance company wrongfully cancels a policy, the holder is entitled to receive the amount of premiums or assets and all fees and dues paid by him, with interest thereon from the date of payment. *Braswell v. Ins. Co.,* 75 N. C., 8; *Lovick v. Life Asso.,* 110 N. C., 93; *Burrus v. Ins. Co.,* 124 N. C., 9; *Strauss v. Life Asso.,* 126 N. C., 971. It is common learning that when the plaintiff has become entitled to receive from the defendant a fixed or liquidated sum of money

upon a contract, either express or implied, he is entitled to judgment by default final upon failure of the defendant to appear or answer, especially when the complaint, as in this case, is verified. The defendant by its default admitted the cause of action, and nothing else appearing, the plaintiff was entitled to judgment for nominal damages at least, and to such substantial damages as he may have been able to prove. *Lee v. Knapp,* 90 N. C., 171; *Rogers v. Moore,* 86 N. C., 85. But "if the plaintiff's claim for damages is precise and fixed by an agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim." *Parker v. Smith,* 64 N. C., 291. These principles are recognized and approved in *Cowles v. Cowles,* 121 N. C., 272. That decision affords a striking illustration of the doctrine and one very apposite to our case. The plaintiff, a mortgagee, had paid certain taxes for the defendant, the mortgagor. With reference to this payment, the present *Chief Justice,* who wrote the opinion, says: "If the sum demanded had been for unliquidated damages, or if on contract for an open account or other uncertain amount, the judgment should have been by default and inquiry. *Battle v. Baird,* 118 N. C., 854. But when, as here, the allegation is of a sum certain expended for the benefit of the defendant and therefore upon an implied promise to repay, and the complaint is verified and no answer filed, the judgment is properly by default final. Code, sec. 385 (1). There was nothing for the jury to pass upon. Upon a judgment by default and inquiry, the legal liability is fixed by the default and the inquiry is only to ascertain the amount. Here, if the facts appearing in the sworn complaint, and not denied in an answer, were not sufficient in law to imply a promise to repay, there was an error of law in the Court so holding, *i. e.,* it was an erroneous judgment, but there was no irregularity. The allegation in

the complaint was of a sum as definite and fixed as if it had been evidenced by a bond or note. If upon the law the plaintiff was entitled to recover at all, upon the facts stated in the verified complaint, there could be no question as to the amount, and no inquiry was required to ascertain it." .There was a dissenting opinion in the case, but not upon this point, the dissenting Justice conceding that if the defendant was under any legal obligation to pay the money the plaintiff was entitled to a judgment by default final. 121 N. C., at p. 281.

Applying these principles to the case at bar, we find that the plaintiff sues for a fixed and certain sum of money which he is entitled to receive from the defendant. The Court at first gave a judgment by default and inquiry and at a subsequent term a judgment by default final. It certainly can make no difference that the latter judgment was not rendered in the first instance. If the Court erred at the first term and gave an interlocutory judgment, it surely could correct the error and give a judgment by default final at the next term, for, upon the face of the record, the plaintiff was entitled to it. There was nothing that required proof, because, by reason of the default, the cause of action and the exact amount of the recovery were admitted. The former judgment by default and inquiry could not deprive the Court of the right to enter the proper judgment afterwards. It was merely useless and not in the way, as the maxim is *utile per inutile non vitiatur*. If the plaintiff recovers for assessments which, as the defendant alleges, he never paid, it will be because the defendant did not appear and contest his claim, when it should have done so. The loss is to be imputed wholly to its own default, as the final judgment was regular, and the Court below, after the term, cannot revise it, nor can this Court, except upon appeal duly taken.

It is suggested that this action was not brought to recover

a specific sum contracted to be paid, as the suit is not on the policy. The Code, sec. 385, provides that judgment by default final may be entered on failure to answer when the plaintiff alleges a breach of a contract, express or implied, to pay money, the amount of which is fixed by the terms of the contract or capable of being ascertained. The defendant agreed to insure the plaintiff and to keep the insurance in force. It is alleged to have broken this contract, and the law implies therefrom a promise to pay back to the plaintiff the exact amount of the assessments he has paid on the policy. The amount is not only fixed necessarily by the implied contract, but also by the law. *Skinner v. Terry,* 107 N. C., 103, the value of the services rendered was not fixed by the contract and no definite sum was alleged to be due, and the same may be said of *Battle v. Baird,* 118 N. C., 854, it appearing that the action was upon an official bond for unliquidated damages. The case of *Stewart v. Bryan,* 121 N. C., 46, can be easily distinguished from our case, as the second cause of action was for a tort, and was not therefore within section 385 of The Code, and no final judgment was in fact entered thereon. The Court held the judgment by default final upon the first cause of action to be right. The plaintiff in this action sued for $521.65 and interest. The case of *Stewart v. Bryan, supra,* is authority for the position that the judgment of the Court is presumed to be correct and for the correct amount. If the plaintiff has recovered more interest than he is entitled to, the judgment is not for that reason irregular, but simply erroneous, and should have been corrected by an appeal. If we should hold otherwise, we would overrule a long line of cases relating to void, irregular and erroneous judgments. It is contrary to law to allow more interest than is due, but the judgment is not irregular, for the forms of legal procedure may be duly observed and yet the judgment itself be erroneous. In the leading case of *Skinner v. Moore,*

19 N. C., 138, the Court says that a judgment is not irregular because it is erroneous. "Error does not constitute irregularity, nor does it necessarily enter into it." It is further expressly decided in that case, that a judgment for an excessive sum is erroneous and not irregular and can be corrected only by an appeal. To the same effect are the cases of *Simmons v. Dowd*, 77 N. C., 155, and *Banking Co. v. Duke*, 121 N. C., 110. The defendant is not attacking the judgment upon the ground that the interest was improperly computed, but solely upon the ground that the plaintiff had forfeited the policy in 1892 by the non-payment of an assessment then due, that no assessment had since been made or paid and that plaintiff was entitled only to nominal damages or at most to the amount of assessments paid prior to 1892, and that it was irregular to render judgment for the assessments alleged to have been paid without legal proof of the payments. The affidavit of Camp, the argument before us and the brief of counsel show this to be the only question presented. By not appearing and filing an answer, the allegation of the plaintiff as to the payments, or in other words, the cause of action, was admitted, and the amount being certain and fixed by the law, the intervention of a jury was not necessary, and the inquiry cannot be held to invalidate the final judgment regularly rendered, even if there was error in the amount, which does not appear, and the burden is on the defendant to make it appear. We must presume the amount is correct, until in the proper way it is shown to be wrong, that is, by an appeal taken in apt time.

Should it be conceded that, if the judgment is set aside, the plaintiff can, on motion, have a judgment entered by default final upon the verified complaint (and the concession would be a proper one to make, as it is not denied that the defendant willfully refused to appear and answer), we then ask what advantage will be gained by setting aside the judg-

ment? The defendant is alleging that the plaintiff is not entitled to recover the assessments at all, as he never paid them, or at most that he is entitled to recover only a part of those he claims, and not that the interest was wrongly computed. If the judgment is set aside, another, perhaps for the same amount, will be entered, which would surely be an idle and unprofitable proceeding. *Everett v. Reynolds,* 114 N. C., 366. The law never does a vain thing. It cannot be successfully asserted, in view of direct decisions of this Court to the contrary, that plaintiff would be entitled only to a judgment by default and inquiry upon the allegations of his complaint and not to a final judgment.

Having reached the conclusion that the final judgment by default was properly entered, it becomes unnecessary to consider the other questions presented.

No Error.

HOKE, J., concurs in result.

BROWN, J., dissenting. I cannot concur in the opinion of the Court for the following reasons:

1. A judgment final by default could not have been properly rendered in this case. The Court below, recognizing this to be the law, did not render any such judgment and the plaintiff did not ask for it there and did not contend for it here. Section 385 of The Code provides: "Judgment by default final may be had on failure of the defendant to answer, as follows: Where the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay, absolutely or upon a contingency, a sum or sums of money fixed by the terms of the contract or capable of being ascertained therefrom by computation." This complaint demands as damages for breach of the contract of insurance, not the sum of money fixed by the terms of the contract or capable of being ascertained therefrom by computation, but damages which must be proved *aliunde.*

It has been decided by this Court that judgment by default final may be rendered for the specific sum contracted to be paid, when demanded in the complaint. *Rogers v. Moore,* 86 N. C., 85; *Wynne v. Prairie, Ibid.,* 73; *Alford v. McCormac,* 90 N. C., 151. The specific sum contracted for in this case is the amount of the policy which is payable upon death. This action is not brought to recover that sum. In *Skinner v. Terry,* 107 N. C., 103, it was held that where it appeared upon inspection of the record that the amount of the final judgment rendered on default of answer could not be ascertained by computation from the complaint, or be fixed by the terms of the contract sued on, such judgment was irregular and should have been set aside. In *Battle v. Baird,* 118 N. C., 854, it was held, in an action on an official bond on failure of the defendant to answer, that a judgment entered against him on default cannot be affirmed, since the action is not for a breach of an express or implied contract to pay a definite sum of money fixed by the terms of the bond or ascertainable therefrom, but must be by default and inquiry. In *Stewart v. Bryan,* 121 N. C., 46, it was held that judgment final by default could not be entered to recover a certain amount—$383 alleged to have been collected and misappropriated.

This Court has decided that an action similar to this is an action for a breach of contract and to recover substantial damages therefor. In *Strauss* against this same defendant, 126 N. C., 974, this Court re-affirmed the rule for measuring such damages first laid down in *Braswell's case,* 75 N. C., 8; *Lovick's* case, 110 N. C., 93, and *Burrus' case,* 124 N. C., 9.

2. If this judgment had been rendered by the Superior Court, it would have been irregular, because there are no data in the complaint on which it can be based, and it could be set aside or corrected as an irregular judgment at any time. Assuming all the Court says to be true in law, yet a

judgment final by default could not have been rendered for over $521.65, because not demanded in the complaint. Whereas the judgment rendered and now affirmed is for $889.83. Interest cannot be allowed in judgments by default final unless there are some data or references to instruments given in the complaint upon which interest can be computed without the aid of evidence. If evidence *aliunde* is required to prove the dates of the payments of the premiums and the amounts of each, interest could not be allowed in judgment by default final.

It is too plain for discussion that there are no specific facts or dates in the complaint from which the interest on $561.25 can be computed. There are no specific payments of premiums or dates thereof given in the complaint, nor are there any figures given which can be made to produce $889.83.

In *Skinner v. Terry, supra,* the decision is put upon the ground that the contract set out in the complaint does not warrant the judgment by default final, and the Court declares it should be set aside. It cannot be true that the defendant must appeal from a judgment final by default to correct an error in it, apparent upon the record. He is not present and cannot appeal. He has the right to absent himself and rely upon the Court not to render a judgment final by default not warranted by the complaint. How could this defendant appeal from a judgment final by default when no such judgment was rendered? There was nothing to appeal from. He apparently was content with the judgment by default and inquiry as rendered, but he had a right to expect that an inquiry would be executed regularly and in the legal and orderly course of judicial proceeding. As it was not so conducted, it should be set aside. If the Court renders a judgment not warranted by the complaint, it is an irregular judgment. *Skinner v. Terry, supra.* It is elementary learning that an irregular judgment may be set

aside or corrected at any time. Suppose the Court renders a judgment by default final for $5,000 upon a complaint demanding $500; it need not be appealed from as simply an erroneous judgment; it will be set aside at any time as both an erroneous and an irregular judgment, because it is contrary to the due and orderly course of judicial procedure. Inasmuch as this Court refuses to set aside this irregular judgment, this defendant is completely cut off from the right to correct it, so as to make it tally with the complaint. This Court in effect admits that the inquiry was executed irregularly, without evidence, else the Court would not base its judgment upon a ground not contended for or thought of by counsel. How could such a judgment for $889 be rendered upon this complaint by default final? The complaint demands judgment for "$561.25 and interest," and does not demand interest even in the prayer from any date whatever. How can the interest be computed or allowed unless there is evidence offered as to the amount and date of each payment of premium? As the complaint gives no payments or dates, how can the required and necessary evidence be offered except upon an inquiry before a jury?

My view is that if the Superior Court had rendered a judgment by default final upon this complaint for $889, as this Court declares it should have done, such judgment could be corrected now as an irregular as well as an erroneous judgment, because not warranted by the complaint or anything in it. By the refusal to disturb the verdict rendered by the jury (although admittedly irregular and based on no evidence) this defendant is cut off entirely even from correcting this judgment. When the defendant applies to the Superior Court to correct or reduce it to the only sum warranted by the complaint, he is met by a verdict of a jury for $889 in response to an issue submitted. Although this verdict is

irregular, the Judge below cannot look behind it. It is binding until set aside, which this Court refuses to do.

This Court does not even attempt to support the regularity of this verdict. For the purpose of this appeal, the affidavit of Camp must be taken to be true. He states that on the execution of the inquiry no evidence whatever was offered and no witness was sworn; that the plaintiff's attorney arose and made a statement to the jury and the verdict was rendered. This proceeding was irregular and utterly unwarranted by the due and orderly course of judicial procedure. But this Court gives effect and potency to such an unwarranted verdict by declaring that the Superior Court had the right to give judgment final by default, and should have done so, and therefore this Court will affirm the judgment rendered upon such verdict. The Court entirely ignores the patent fact that there is nothing in the complaint which warrants a judgment for $889 any more than for a million. So that the outcome of it all is that a judgment is finally affirmed against this defendant, based upon a verdict, rendered upon no evidence, when there is no data whatever in the complaint from which the most accomplished mathematician could figure out such a result, or any other sum than $561.25. Unfortunately for the defendant, there is no way by which the judgment can be corrected, in the manner other irregular judgments are frequently corrected, because this unwarranted verdict is legalized and stands in the way.

The Superior Court could not possibly have rendered judgment for such sum by inspecting the record. It could only be rendered upon a verdict, based on evidence, which was not done.

3. The plaintiff is bound by the judgment by default and inquiry and it cannot be disturbed on this appeal, and the inquiry should be properly executed anew. The plaintiff did not ask for judgment by default final. He asked only

for judgment by default and inquiry, and the Court granted it. The plaintiff did not appeal and could not, because he got what he asked for. He does not even now ask to have the judgment by default and inquiry set aside. The defendant was not present when it was rendered and did not answer, but if he had been he could not appeal, because only a judgment by default and inquiry was rendered. Both parties were satisfied with that judgment and neither one desired to appeal. Consequently, as it was within the jurisdiction of the Court to render it, even if erroneous, it is binding on both and cannot now be disturbed. The plaintiff, on the hearing of this appeal, does not assign it as error. The majority of the Court assign it as error. They might at least point out the data in the complaint upon which a judgment for $889 could be now rendered by default final. It will not do to say that it was an erroneous judgment and the defendant should have appealed. No such judgment was ever rendered by the Superior Court, and how could it appeal? This judgment for $889 by default final was not even asked for by the plaintiff, but was first conceived and rendered in this Court, from whose judgment the defendant cannot appeal. According to this Court the plaintiff had a right, when the judgment by default and inquiry was rendered, to move for a judgment final. But he preferred the former, and for a very good reason. He knew the data in his complaint was insufficient to justify a judgment for more than $561.25 and he desired to offer evidence tending to prove the amount and date of each payment, as they are not given in the complaint, so he could claim interest on each. This could only be done by executing an inquiry before the jury. The plaintiff is bound by his own action, and it is just to say he does not seek to avoid it. He has defended the manner of executing the inquiry and rested his case on that. It is only the defendant who complains, and justly so, of the irregular and

unwarranted manner in which that inquiry was executed, and that is the only assignment of error presented in this appeal.  If the facts show that the inquiry was irregularly and unwarrantedly executed, this Court should set it aside and leave in force the judgment by default and inquiry asked for by plaintiff and from which neither party appealed. This is a court for the correction of errors complained of and assigned in the record.  Where do we get the right to set aside a judgment which the Superior Court had power to render, when neither party asks for it, and both were content with it?  Yet it is just what this Court practically has done, viz., of its own motion substituted a judgment by default final, from which the defendant cannot appeal, for a sum not warranted by the complaint, for a judgment by default and inquiry rendered nearly three years ago by the Superior Court upon motion of the plaintiff, and with which the defendant was content.  All the defendant asks is that the course of the Court and the due and orderly procedure of the law be followed upon the execution of that judgment of inquiry.  And the method of executing that inquiry is the only question brought before us by this appeal.

I am of opinion that the verdict rendered upon the inquiry of damages and the judgment rendered upon that verdict should be set aside, leaving the judgment by default and inquiry to stand.  Then the plaintiff, if so advised, can either execute the inquiry anew and regularly, or else move in the Superior Court for judgment final by default upon the complaint.