BROWN, J., dissents.
The plaintiff alleges that the defendant had wrongfully canceled his policy after he had paid thereon in fees, annual dues, and mortuary assessments the sum of $521.65, and to recover that sum he sued in this action. The defendant being a nonresident insurance company, process was served on the Insurance Commissioner, as provided by Laws 1899, *Page 380 
ch. 54. At February Term, 1902, there was a judgment by default and inquiry, defendant having failed to appear, and the record shows (517) that at May Term, 1902, the inquiry was executed, and a verdict and judgment for the above amount and interest, $899. 32, were entered. On or about 1 February, 1904, the defendant brought an action to set aside the judgment on the ground of fraud, and having failed to prosecute the action with success (136 N.C. 157), it moved in the Superior Court to set aside the judgment for irregularity, alleging that the verdict was rendered without any evidence whatever having been submitted to the jury. At the time of making its motion the defendant entered an appearance in the following terms: "The defendant, appearing for the purpose alone of making this motion, moves to set aside the judgment entered at May Term, 1902, as irregular, and to find the facts set forth in C. W. Camp's affidavit, or to pass upon said proposed findings of fact." The court refused to set aside the judgment upon the ground that the same matter had been adjudicated in the action to set aside the judgment for fraud. The defendant excepted and appealed.
After stating the facts: The case was argued before use as if the defendant had entered a special appearance, and the plaintiff's counsel insisted that, having done so, the defendant could not have the relief it seeks, nor could it appeal to this Court, citing Clark v. Mfg.Co., 110 N.C. 111. The argument of both counsel was based upon a misconception of the true nature of the appearance entered by the defendant. In the first place, it does not on its face purport to be a special appearance. It is true, the defendant appeared solely for the purpose of moving to set aside the judgment; but as such a motion involves only (518) the merits of the case and is not confined to the one objection that the court is without jurisdiction, it follows that an appearance entered solely for the purpose of making that motion is essentially a general appearance. The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than to its form. If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., 502, 503. The question always is, what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one. Ibid., 508, 509. The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment *Page 381 
for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the jurisdiction of the court is general. 2 Enc. of Pl. and Pr., 632. InIns. Co. v. Robbins, 59 Neb. 170, the Court says: "The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party cannot be permitted to occupy so ambiguous a position. He cannot deny the authority of the court to take cognizance of an action or proceeding, and, at the same time, seek a judgment in his favor on the ground that his adversary's allegations are false or that his proofs are insufficient. `A special appearance,' says Mitchell, J., inGilbert v. Hall, 115 Ind. 549, `may be entered for the purpose of taking advantage of any defect in the notice or summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion which pertains to the merits of the (519) complaint or petition constitutes a full appearance, and is hence a submission to the jurisdiction of the court.' Whether an appearance is general or special does not depend on the form of the pleading filed, but on its substance. If a defendant invokes the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." See, also, Handy v.Ins. Co., 37 Ohio St. 366; Pry v. R. R., 73 Mo., 123; Cohen v. Trowbridge,6 Kan. 385; Briggs v. Humphrey, 83 Mass. (1 Allen), 371; Crawford v.Foster, 84 Fed., 939. "There are cases where the defendant may make a quasi
appearance for the purpose of objecting to the manner in which he is brought before the court, and in fact to show that he is not legally there at all; but if he ever appears to the merits he submits himself completely to the jurisdiction of the court and must abide the consequences. If he appears to the merits, no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not." Nichols v. The People, 165 Ill. 502; 2 Enc. Pl. and Pr., 625.
We must hold upon principle and authority that the defendant has made a full appearance in the case and will be bound in all respects by the orders and decrees of the court, even if not already bound by reason of the service of process. But the latter is in itself sufficient for that purpose. Biggs v. Ins. Co., 128 N.C. 5; Moore v. Ins. Co., 129 N.C. 31;Ins. Co. v. Scott, 136 N.C. 157; Fisher v. Ins. Co., ib., 217.
It is too plain for any argument that the defendant is not precluded by anything said or done in the action to set aside the judgment for *Page 382 
(520) fraud, from now prosecuting this proceeding to set aside the judgment for irregularity. The court could not in that action consider the question now raised. A judgment cannot be vacated for irregularity in an independent action, but it must be done, if at all, by motion in the cause. This being so, nothing said in that case can conclude the defendant by way of estoppel, or as res judicata, or as the "law of the case," or in any other way that we can now conceive.
There was but one question before the court in that case, namely, whether the judgment was obtained by fraud. The only question involved in this proceeding is whether the judgment was irregular. In contemplation of the law, the two questions are quite diverse, and a decision of the one is not in any sense a decision of the other. A case directly in point is Tylerv. Capehart, 125 N.C. 64, in which the true rule of res judicata is clearly stated, and Wagon Co. v. Byrd, 119 N.C. 460, explained and limited to its peculiar facts.
The general result is this: In order to constitute a res judicata the question in the pending suit must have been involved in the issue as joined in the former suit, and not merely one which might have been litigated, although not so involved. Williams v. Clouse, 91 N.C. 322; Turner v.Rosenthal, 116 N.C. 437. But, however, we may state the rule, it is quite sure this case is not within it, because the question presented was not and could not have been litigated in the former suit. Syme v. Trice,96 N.C. 243. "An irregular judgment can be set aside by a motion in the cause by a party thereto at any time, not by an independent action." Ins.Co. v. Scott, 136 N.C. 159; Everett v. Reynolds, 114 N.C. 366. Although it may be set aside at any time, that is, after the term, this does not mean within any indefinite period of time, but within a reasonable time, and, besides, the mover must show merits. Williamson v. Hartman, 92 N.C. 236;Everett v. Reynolds, supra.
As the court refused to find the facts upon the ground that, if they are correctly set forth in the affidavit of Camp, the motion should (521) be denied because by the judgment in the former suit the matter had been adjudicated, we must, for the purposes of this appeal, assume the facts to be as therein stated. While the court, as we have seen, refused the defendant's motion upon an erroneous ground, there is no reason why we should not sustain the ruling if it is in itself correct. We are not concerned so much with the reason for the ruling of the court as we are with the ruling itself. If it is right for any valid or sufficient reason, it must be affirmed. We think the judge was right in refusing the motion. The plaintiff sued to recover the amount of fees, annual dues, and mortuary assessments paid by him on a policy which the defendant had wrongfully and in clear violation of its contract of insurance *Page 383 
(as appears from the unanswered complaint) declared to be forfeited and had caused to be canceled. The total amount of the sums thus paid is distinctly stated in the complaint, and the money so received by the defendant is, in the view of the law, held by it to the plaintiff's use, as having been received upon a consideration which has failed by its own fault. Because the defendant has thus received the money, whichex equo et bono it ought to refund, the law implies a promise to pay back the specific sum — not any indefinite or unliquidated amount, but the same amount which was paid by the plaintiff to the defendant. This Court has repeatedly held that when an insurance company wrongfully cancels a policy, the holder is entitled to receive the amount of premiums or assessments and all fees and dues paid by him, with interest thereon from the date of payment. Braswell v. Ins. Co., 75 N.C. 8; Lovick v.Life Assn., 110 N.C. 93; Burrus v. Ins. Co., 124 N.C. 9; Strauss v.Life Assn., 126 N.C. 971. It is common learning that when the plaintiff has become entitled to receive from the defendant a fixed or liquidated sum of money upon a contract, either express or implied, he is entitled to judgment by default final upon failure of the (522) defendant to appear or answer, especially when the complaint, as in this case, is verified. The defendant by its default admitted the cause of action, and, nothing else appearing, the plaintiff was entitled to judgment for nominal damages at least, and to such substantial damages as he may have been able to prove. Lee v. Knapp, 90 N.C. 171; Rogers v.Moore, 86 N.C. 85. But "if the plaintiff's claim for damages is precise and fixed by an agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim." Parker v. Smith, 64 N.C. 291.
These principles are recognized and approved in Cowles v. Cowles,121 N.C. 272. That decision affords a striking illustration of the doctrine and one very apposite to our case. The plaintiff, a mortgagee, had paid certain taxes for the defendant, the mortgagor. With reference to this payment, the present Chief Justice, who wrote the opinion, says: "If the sum demanded had been for unliquidated damages, or if on contract for an open account or other uncertain amount, the judgment should have been by default and inquiry. Battle v. Baird, 118 N.C. 854. But when, as here, the allegation is of a sum certain expended for the benefit of the defendant, and therefore upon an implied promise to repay, and the complaint is verified and no answer filed, the judgment is properly by default final. Code, sec. 385 (1). There was nothing for the jury to pass upon. Upon a judgment by default and inquiry, the legal liability is fixed by the default, and the inquiry is only to ascertain the amount. Here, if the facts appearing in the sworn complaint, and *Page 384 
not denied in an answer, were not sufficient in law to imply a promise to repay, there was an error of law in the court so holding, i. e., it was an erroneous judgment, but there was no irregularity. The allegation (523) in the complaint was of a sum as definite and fixed as if it had been evidenced by a bond or note. If upon the law the plaintiff was entitled to recover at all upon the facts stated in the verified complaint, there could be no question as to the amount, and no inquiry was required to ascertain it." There was a dissenting opinion in the case, but not upon this point, the dissenting justice conceding that if the defendant was under any legal obligation to pay the money the plaintiff was entitled to a judgment by default final. 121 N.C. 281.
Applying these principles to the case at bar, we find that the plaintiff sues for a fixed and certain sum of money which he is entitled to receive from the defendant. The court at first gave a judgment by default and inquiry, and at a subsequent term a judgment by default final. It certainly can make no difference that the latter judgment was not rendered in the first instance. If the court erred at the first term and gave an interlocutory judgment, it surely could correct the error and give a judgment by default final at the next term, for, upon the face of the record, the plaintiff was entitled to it. There was nothing that required proof, because, by reason of the default, the cause of action and the exact amount of the recovery were admitted. The former judgment by default and inquiry could not deprive the court of the right to enter the proper judgment afterwards. It was merely useless not in the way, as the maxim isutile per inutile non vitiatur. If the plaintiff recovers for assessments which, as the defendant alleges, he never paid, it will be because the defendant did not appear and contest his claim when it should have done so. The loss is to be imputed wholly to its own default as the final judgment was regular, and the court below, after the term, cannot revise it, nor can this Court, except upon appeal duly taken.
It is suggested that this action was not brought to recover a specific sum contracted to be paid, as the suit is not on the policy. The (524) Code, sec. 385, provides that judgment by default final may be entered on failure to answer when the plaintiff alleges a breach of a contract express or implied, to pay money, the amount of which is fixed by the terms of the contract or capable of being ascertained.
The defendant agreed to insure the plaintiff and to keep the insurance in force. It is alleged to have broken this contract, and the law implies therefrom a promise to pay back to the plaintiff the exact amount of the assessments he has paid on the policy. The amount is not only fixed necessarily by the implied contract, but also by the law. Skinner v. Terry,107 N.C. 103. The value of the services rendered was not fixed *Page 385 
by the contract and no definite sum was alleged to be due; and the same may be said of Battle v. Baird, 118 N.C. 854, it appearing that the action was upon an official bond for unliquidated damages. Stewart v.Bryan, 121 N.C. 46, can be easily distinguished from our case, as the second cause of action was for a tort, and was not therefore within section 385 of The Code, and no final judgment was in fact entered thereon. The court held the judgment by default final upon the first cause of action to be right. The plaintiff in this action sued for $521. 65 and interest. Stewart v. Bryan, supra, is authority for the position that the judgment of the court is presumed to be correct and for the correct amount. If the plaintiff has recovered more interest than he is entitled to, the judgment is not for that reason irregular, but simply erroneous, and should have been corrected by an appeal. If we should hold otherwise, we would overrule a long line of cases relating to void, irregular, and erroneous judgments. It is contrary to law to allow more interest than is due, but the judgment is not irregular, for the forms of legal procedure may be duly observed and yet the judgment itself be erroneous. In the leading case of Skinner v. Moore, 19 N.C. 138, the Court says that a judgment is not irregular because it is (525) erroneous. "Error does not constitute irregularity, nor does it necessarily enter into it." It is further expressly decided in that case that a judgment for an excessive sum is erroneous and not irregular, and can be corrected only by an appeal. To the same effect are Simmons v. Dowd,77 N.C. 155, and Banking Co. v. Duke, 121 N.C. 110. The defendant is not attacking the judgment upon the ground that the interest was improperly computed, but solely upon the ground that the plaintiff had forfeited the policy in 1892 by the non-payment of an assessment then due, that no assessment had since been made or paid, and that plaintiff was entitled only to nominal damages or, at most, to the amount of assessments paid prior ot [to] 1892, and that it was irregular to render judgment for the assessments alleged to have been paid without legal proof of the payments.
The affidavit of Camp, the argument before us, and the brief of counsel show this to be the only question presented. By not appearing and filing an answer, the allegation of the plaintiff as to the payments, or, in other words, the cause of action, was admitted, and the amount being certain and fixed by the law, the intervention of a jury was not necessary, and the inquiry cannot be held to invalidate the final judgment regularly rendered, even if there was error in the amount, which does not appear, and the burden is on the defendant to make it appear. We must presume the amount is correct, until in the proper way it is shown to be wrong, that is, by an appeal taken in apt time. *Page 386 
Should it be conceded that, if the judgment is set aside, the plaintiff can, on motion, have a judgment entered by default final upon the verified complaint (and the concession would be a proper one to make, as it is not denied that the defendant willfully refused to appear and answer), we then ask, What advantage will be gained by setting aside the (526) judgment? The defendant is alleging that the plaintiff is not entitled to recover the assessments at all, as he never paid them, or, at most, that he is entitled to recover only a part of those he claims, and not that the interest was wrongly computed. If the judgment is set aside, another, perhaps for the same amount, will be entered, which would surely be an idle and unprofitable proceeding. Everett v. Reynolds,114 N.C. 366. The law never does a vain thing. It cannot be successfully asserted, in view of direct decisions of this Court to the contrary, that plaintiff would be entitled only to a judgment by default and inquiry upon the allegations of his complaint, and not to a final judgment.
Having reached the conclusion that the final judgment by default was properly entered, it becomes unnecessary to consider the other questions presented.
No error.
HOKE, J., consurs in result.